CHASE MANHATTAN BANK, N. A., ᴇᴛ ᴀʟ. *v.* FINANCE
ADMINISTRATION OF CITY OF NEW YORK ᴇᴛ ᴀʟ.

No. 77–1659.   Decided March 5, 1979

Per Curiam.

Petitioners are national banks that lease office space in New York City, where they maintain their principal places of business. After the city assessed them for its commercial rent and occupancy tax for the period June 1, 1970, through May 31, 1972, they brought the present action, arguing that their status as national banks rendered them immune from the tax. Petitioners relied on our cases that have held that national banks may not be taxed except as permitted by Congress. *First Agricultural Bank* v. *State Tax Comm'n,* 392 U. S. 339 (1968); *McCulloch* v. *Maryland,* 4 Wheat. 316, 436–437 (1819). The New York state courts upheld the assessments, finding the necessary congressional authorization in Pub. L. 91–156, 83 Stat. 434, as amended, 12 U. S. C. § 548 (1970 ed.).

Pub. L. 91–156, as amended by Pub. L. 92–213, § 4 (a), 85 Stat. 775, provided that as of January 1, 1973, national banks were to be treated as state banks for the purposes of state tax laws. The Act also contained temporary provisions that enabled States to tax national banks on a more limited basis from its date of enactment, December 24, 1969, until January 1, 1973. Banks like petitioners, with their principal offices in the taxing State, could be subjected to any nondiscriminatory tax generally applicable to state banks. A saving clause, however, prevented the imposition prior to January 1, 1973, of any tax in effect prior to the enactment of Pub. L. 91–156, unless such imposition was authorized by subsequent "affirmative action" of the state legislature. The saving-clause prohibition did not apply to "any tax on tangible personal property."

The New York Court of Appeals held that the disputed tax could be imposed on petitioners prior to January 1, 1973, because the affirmative-action requirement of the saving clause had been satisfied by an amendment of the commercial rent tax passed subsequent to Pub. L. 91–156 which increased the rate of the tax. 43 N. Y. 2d 425, 372 N. E. 2d 789. We dis-

agree.  Based on our study of the legislative history of Pub. L. 91–156, we are quite sure that the affirmative-action provision was designed to require the States, when imposing new taxes on national banks prior to January 1, 1973, to consider the impact of such taxes on the existing balance of taxation between national and state banks.  On its face, a mere increase in the tax rate under an existing tax law does not indicate that such attention has been given; and nothing in the available legislative history of the rate amendment suggests that Pub. L. 91–156 was given the slightest attention.

The New York Court of Appeals also concluded that, under New York law, the commercial rent and occupancy tax was a tax on tangible personal property and hence not subject to the prohibitions of the saving clause.  Whether the tax at issue is a tax on tangible personal property within the meaning of Pub. L. 91–156 is a question of federal law; and for the purposes of that statute, it appears to us that Congress did not consider real estate occupancy taxes to be taxes on tangible personal property.  This is sufficiently clear from the provisions of the Act dealing with the interim taxation of banks having their principal offices outside the taxing State.  Those provisions, in numbered paragraphs, list five kinds of taxes that were permissible.  Paragraph (2) specified "[t]axes on real property *or on the occupancy of real property* located within such jurisdiction" (emphasis added), while paragraph (4) referred to "[t]axes on tangible personal property."  It follows that the saving clause forbade collecting from banks like petitioners pre-existing real estate and occupancy taxes without affirmative legislative action, although it did not bar taxes on tangible personal property.

We accordingly conclude that the New York Court of Appeals was in error.  The petition for certiorari is granted, and the judgments of the New York Court of Appeals are reversed.

*It is so ordered.*