Lester LEIST, Linda Frisch, Loretta Hayek, Lucille Kawleski, Darlyn Kerley, Wayne Thomas, and all other persons similarly situated, Plaintiffs,

v.

SHAWANO COUNTY, The City of Antigo, The Town of Hull, Douglas County, and all other municipalities and counties similarly situated, Defendants.

No. 80–C–1053.

United States District Court,
E. D. Wisconsin.

June 10, 1981.

Gerhardt F. Getzin, Wausau, Wis., for plaintiffs.

Paul M. Cornett, Dist. Atty., Shawano, Wis., James C. McKay, Sr., Corp. Counsel, Douglas County, Superior, Wis., Dennis A. Juncer, Terwilliger, Wakeen, Piehler, Conway & Klingberg, Stevens Point, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiffs' motion for certification of a plaintiff class, a plaintiff subclass and a defendant class under Rule 23 of the Federal Rules of Civil Procedure are currently before the Court. The proposed defendant class is made up of all those governmental entities in Wisconsin responsible for the administration of general relief benefits under Wis.Stat. § 49.02–.03 which have not adopted written standards regarding eligibility, amounts of assistance and application processing procedures. The class includes both counties which have assumed liability of the non-county municipalities under Wis.Stat. § 49.03, and those other municipalities in counties where the county has not assumed liability. The proposed plaintiffs' class includes all those individuals who are eligible dependent persons as defined in Wis.Stat. § 49.01, and who have applied for general relief benefits, or who will apply for general relief benefits, with the agencies responsible for administering the benefits. Plaintiffs' proposed subclasses consist of all those members of the plaintiff class who are presently located in Shawano and Douglas counties, the Town of Hull and the City of Antigo. The individual defendants are responsible for the administration of general relief benefits under Wis.Stat. § 49.02.

This action is brought under 42 U.S.C. § 1983. Jurisdiction is alleged under 28 U.S.C. § 1343(3). The plaintiff class seeks a declaratory judgment determining that the failure of the defendant class to provide written standards regarding eligibility, amount of assistance and applicant processing procedures violates the applicants' due process rights guaranteed by Wis.Stat. Chapter 49 and the Fourteenth Amendment to the Constitution. The plaintiff subclasses seek injunctive relief against the individual defendants ordering each of the individual defendants to promulgate and abide by written regulations necessary to protect the plaintiffs' due process rights. Plaintiffs also request reasonable costs, disbursements and attorney's fees pursuant to 42 U.S.C. § 1988.

Plaintiffs note that because defendants have filed no briefs opposing the motion for certification of the class, the motion can be deemed unopposed under local rule 6. But regardless of whether defendants register opposition to certification, to maintain a class action, this Court must be satisfied that plaintiffs have met the prerequisites of a class action set out in Rule 23(a) of the Federal Rules of Civil Procedure and that the action alleged fits within one of the three types of class actions established by rule 23(b). *See Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), *citing Board of School Commissioners, City of Indianapolis v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975). This Court must also make appropriate orders with regard to notice to absent members of the plaintiff and defendant classes.

With respect to the proposed plaintiffs' class, this Court is satisfied that the four criterion of rule 23(a) have been met. Plaintiffs have shown that the members of the plaintiffs' class are so numerous that complete joinder is impracticable under rule 23(a)(1). The statistical evidence plaintiff presented estimating the size of the population below the poverty level provides a sufficient basis to infer that the interests of a large class of people are implicated in this litigation. There is no requirement that the size of the class be precisely calculated. *See e. g., Singleton v. Drew,* 485 F.Supp. 1020, 1021 (E.D.Wis.1980). Especially where the relief sought is declaratory and injunctive, even speculative and conclusory representations as to the size of the class have been held adequate to meet the numerosity requirement. *See Doe v. Charleston Area Medical Center,* 529 F.2d 638, 648 (4th Cir. 1975). As plaintiffs make clear in their motion, persons eligible for general relief are a constantly shifting class. This lack of ready identifiability supports, rather than detracts from, the impracticability of joinder of the members of the class. 529 F.2d at 645. Moreover, where the class challenge is to widespread administrative procedures and no individual class member has a financial stake likely to provide the incentive for individual litiga-

tion, class action status should be granted. *Crow v. California Department of Human Resources,* 325 F.Supp. 1314, 1316 (N.D.Cal. 1970), *cert. denied,* 408 U.S. 924, 92 S.Ct. 2495, 33 L.Ed.2d 335 (1972).

Plaintiffs have also demonstrated that there is a question of law common to the class as required under Rule 23(a)(2). Their contention is that a prevalent administrative practice violates the due process rights of all class members. Although factual differences may exist among class members regarding eligibility or amount of assistance, plaintiffs are uniformly impacted by the absence of written criteria for general relief programs. *Like v. Carter,* 448 F.2d 798 (8th Cir. 1971), *cert. denied,* 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972). *See also Singleton v. Drew,* 485 F.Supp. 1020, 1021 (E.D.Wis.1980) (class actions are particularly appropriate where procedural protections are at issue); *Alexander v. Silverman,* 356 F.Supp. 1179 (E.D. Wis.1973) (class action is useful to assert constitutional entitlement to written and regularized procedures where general relief is denied).

This Court is also satisfied that the claims and defenses of the representative parties are "typical of the claims or defenses to the class" as required under Rule 23(a)(3). Especially where the deprivation of rights allegedly results from the failure to establish written and regularized procedures, the allegation that applicants are not provided with written program guidelines is sufficient to meet this third requirement. *Alexander v. Silverman.*

Finally, the Court finds that the plaintiffs are representative parties who will fairly and adequately represent the class as required under rule 23(a)(4). Plaintiffs allege, and defendants have not contested, that the class representatives were members of the class as required at the time of the filing of the complaint. *See East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Defendants have presented no argument with respect to the mootness of the

general constitutional issue raised in this complaint. Nevertheless, this Court notes that there is substantial authority for allowing the plaintiffs to continue as representatives in cases where the challenge is to an administrative procedure, even where it is likely that the procedure will be completed as to the named representatives by the time the Court hears the matter on the merits. *See, e. g., Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975), *cert. denied*, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976) (social security system challenge); *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971), *cert. denied*, 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972) (administration of AFDC program challenged).

■ In evaluating the adequacy of representation, courts have generally scrutinized the attorneys for the class. *See, e. g., Bacon v. Toia*, 437 F.Supp. 1371 (S.D.N.Y. 1977), *aff'd*, 580 F.2d 1044 (2d Cir. 1978). This Court notes that counsel for plaintiffs is a former member of a legal services organization created to provide free legal representation in civil cases to low income people throughout northern Wisconsin. This Court, therefore, presumes that counsel has some familiarity with the plaintiffs' conflicts in this area and expects some continuity of representation.

■ Having met the four requirements of rule 23(a), the final prerequisite to class certification is that plaintiffs allege a cause of action under one of the three categories in rule 23(b). This Court finds that plaintiffs' factual allegations are consistent with allegations that this suit is properly brought for declaratory and injunctive relief under rule 23(b)(2). The defendants' alleged failure to provide written program guidelines constitutes "actions or refusal to act on grounds generally applicable to the class" within the meaning of rule 23(b)(2). Therefore, this Court will grant plaintiffs' motion for certification of a plaintiff class.

■ Plaintiffs also seek to have defendants certified as a class under rule 23. The language of rule 23(a) providing that "one or more members of a class may sue or be used as representative parties on behalf of all ..." and the underlying policy has been interpreted to permit actions by individuals and plaintiff classes against defendant classes. *See, e. g., Redhail v. Zablocki*, 418 F.Supp. 1061 (E.D.Wis.1976), *aff'd on other grounds*, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978) (bilateral class action); *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682 (D.D.C.1977) (U.S. against defendant class). *See, also*, 3B Moore's Federal Practice, § 23.40[6] at 310–313. This Court is satisfied that plaintiff has alleged a class action under rule 23(b)(2) based on defendants' common failure to adopt procedures protecting the due process rights of the plaintiff class. Plaintiff seeks declaratory relief which is a permissible form of relief under rule 23(b)(2).

This Court also finds that plaintiff has alleged facts sufficient to meet the four prerequisites for certification of a defendant class which have been laid out more fully in certifying plaintiffs' class. Under rule 23(a), joinder of governmental entities which plaintiff estimates to be over 600, including 70 counties, is obviously impracticable under the standards of rule 23(a)(1). The constitutionality of defendants' uniform failure to provide written guidelines presents a question of lawful behavior common to all of the members of the class under the second requirement of rule 23(a). The third requirement of rule 23(a) is also met based on the information now before the Court. Defendants have not given the Court any reason to believe that the claims and defenses of the representative parties who are responsible for administering general relief programs are not "typical of the claims or defenses of the class."

Finally, this Court finds that the defendants "will fairly and adequately protect the interests of the class" under rule 23(a)(4). Defendants are responsible for relief programs in Wisconsin. Based on plaintiffs' allegations, this Court is aware of no reason why defendants should not be in a position to provide the Court with information as to the range of operating practices and budget and policy constraints necessary to promote sound consideration and resolution of the

constitutional questions presented. Therefore, this Court will certify the defendant class as plaintiff has proposed.

With respect to plaintiffs' request for this Court to certify subclasses of the plaintiff class, this Court will grant plaintiffs' request under rule 23(c)(4) because the declaratory relief requested by the plaintiff class differs from the injunctive relief requested by plaintiff subclasses against the individual defendants. In addition, the Court expressly finds that this subclass meets the four requirements of rule 23(a). The Court notes, however, that defendants have registered no opposition to this structure of the litigation and plaintiff has not provided this Court with irrebuttably persuasive reasons for creating the proposed subclasses. As this litigation proceeds, this Court will exercise its express authority under rule 23(c) and (d) to issue orders it deems appropriate for the management of this action. This authority includes the power to modify or alter the structure of the action before the decision on the merits. *See* rule 23(c)(1) and (4).

Plaintiffs have also moved to dismiss the City of Antigo from this action under rules 23(e) and 41(a)(2). But neither the plaintiffs' motion or brief, nor the defendants' answer, provides any explanation for this action. While this Court assumes defendant Antigo is to be dismissed in its capacity as an individual defendant, it is unclear whether the parties intend the city to remain a member of the general defendant class.

The purpose of close judicial supervision in class actions is to protect the interests of absent parties. This Court will deny plaintiffs' motion for dismissal of defendant Antigo because this Court has not been assured that the interests of plaintiff residents of Antigo would not be prejudiced by the dismissal.

The remaining issue before this Court is the form of notice which will be required for the plaintiff or defendant classes and subclasses. Individual notice is not required to be given to those members of a class action seeking injunctive relief or declaratory relief under Rule 23(b)(2) of the Federal Rules of Civil Procedure. This Court, like the court in *Redhail v. Zablocki*, acknowledges the significant impediment to the use of (b)(2) class actions which would result from an "ironclad rule" requiring individual notice to members of a (b)(2) class. 418 F.Supp. at 1067. Nevertheless, the Court is of the opinion that notice to some of the class defendants is necessary. The county members of defendant class should be given notice because it is possible that their legal counsel may want to intervene to protect their rights. Furthermore, in view of the potential impact of a judgment in this action, the Court deems it appropriate to require such notice. Notice to the other members of the defendant class will not be required because they are just too numerous. This Court has acceded to many of plaintiffs' requests based on their apparent reasonableness. Because of the importance of protecting the interests of absent parties in class actions, this Court will entertain reasonable and timely arguments which defendants have not yet provided this Court, especially with regard to the adequacy of the representation of divergent interests and problems which may arise among the members of the defendant class and the appropriateness of the subclass scheme which plaintiff proposed and this Court has sanctioned.

Plaintiffs' motion for certification of plaintiff class, plaintiff subclasses, defendant class and defendant subclasses as proposed in the motion in support of class certification is hereby granted. It is further ordered that the plaintiff is to draft a proposed form of notice to the county class defendants for approval by the Court.