**NEWMAN SIGNS, INC., a North Dakota Corporation, Appellant,**

v.

**George A. SINNER, Governor of the State of North Dakota, Appellee.**

No. 85–5392.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1986.

Decided July 23, 1986.

Rehearing and Rehearing En Banc Denied Aug. 27, 1986.

**2.** In light of our decision on the constitutional issue, it is unnecessary to discuss the other issues raised on appeal.

Daniel J. Crothers, Fargo, N.D., for appellant.

Laurie J. Loveland, Asst. Atty. Gen., Bismarck, N.D., for appellee.

Before LAY, Chief Judge, and HEANEY and JOHN R. GIBSON, Circuit Judges.

HEANEY, Circuit Judge.

Newman Signs, Inc. (Newman) commenced this action to enjoin the State of North Dakota from removing Newman's billboards without payment of just compensation, as allegedly required by the Highway Beautification Act of 1965, 23 U.S.C. § 131. The district court dismissed the complaint with prejudice, holding that the compensation provision of the Act does not create rights enforceable by billboard owners under federal law. Without deciding whether billboard owners have standing to enforce the Act, we affirm the district court on the ground that the issue of whether Newman is entitled to just compensation has been decided against Newman by the Supreme Court of North Dakota and is res judicata.

## BACKGROUND

The Highway Beautification Act of 1965 was designed to persuade the states to use their police power to control the erection and maintenance of outdoor advertising structures adjacent to the interstate and primary highway system. Subject to various exceptions, the Act conditioned receipt of ten percent of the state's share of federal aid highway funds on the state prohibiting commercial advertisements visible from the highway.

Prior to coming into full compliance with the Act in 1972, the State of North Dakota permitted the erection of a number of signs pursuant to interim permits. Newman erected over 100 signs pursuant to these interim permits which contained the following proviso:

UNDER NO CIRCUMSTANCES WILL THE PERMITTEE BE PAID JUST COMPENSATION FOR THE REMOVAL, CHANGING, ALTERING OR MODIFICATION OF ANY SIGN, DEVICE OR DISPLAY ERECTED BY VIRTUE OF THIS PERMIT AND THE PERMITTEE EXPRESSLY WAIVES HIS RIGHTS, IF ANY, TO SUCH COMPENSATION.

During 1972, the highway department began removing nonconforming signs erected prior to 1965 providing the owners with just compensation pursuant to section 131(g) which provides: "Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under State law * * *" The state did not provide compensation for those signs erected thereafter under the interim policy, reasoning that they were not lawfully erected under state law and thus their owners were not entitled to just compensation.

Newman objected to the removal of its signs without just compensation and commenced an action in state court. The case reached the North Dakota Supreme Court twice. The detailed facts are set forth in *Newman Sign, Inc. v. Hjelle*, 268 N.W.2d 741 (N.D.1978), *appeal dismissed*, 440 U.S. 901, 99 S.Ct. 1205, 59 L.Ed.2d 449 (1979). There, the North Dakota Supreme Court held that Newman was not entitled to compensation for removal of these interim permit signs. Newman appealed to the United States Supreme Court, which dismissed the appeal for want of a substantial federal question. In a subsequent opinion in the same case, the North Dakota Supreme Court reiterated its previous holding: "Our prior opinion, holding that compensation is not required for the interim permit signs, is the law of the case." *Newman Signs, Inc. v. Hjelle*, 317 N.W.2d 810, 816 (N.D.1982).

Newman then brought this action seeking to enjoin the state from removing its signs without payment of just compensation. A preliminary injunction was issued to maintain the status quo until the issues regarding removal of the structures and compensation could be determined. After a hearing, the motion to extend the injunction was denied, and Newman's complaint was dismissed with prejudice. The court

found that the Act creates no federal rights in favor of billboard owners and thus created no private cause of action for billboard owners to bring suit for payment under the Act. This appeal followed.

## DISCUSSION

Newman raises two issues on appeal. The first is that the district court erred in determining that the Act does not provide a private right of action and the second is that the district court erred by dismissing Newman's complaint with prejudice.

We reject Newman's appeal because it is barred by res judicata. The just compensation issue has been twice decided by the North Dakota Supreme Court. Federal courts must give res judicata effect to state court judgments whenever the courts of the state from which the judgment emerged would do so. *Hickman v. Electronic Keyboarding, Inc.*, 741 F.2d 230, 232 (8th Cir.1984). Here, the Supreme Court of North Dakota gave res judicata effect to its prior determination of this issue, thus we are required to give the prior judgment the same effect.

Further, this issue was decided by the United States Supreme Court in its dismissal for want of a substantial federal question of Newman's appeal from the 1978 North Dakota Supreme Court case. A dismissal for want of a federal question "leave[s] undisturbed the judgment appealed from. [It] prevent[s] lower courts from coming to opposite conclusions on the precise issues presented and necessarily decided by those actions." *Mandel v. Bradley*, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977). Because the issue of whether federal law requires compensation for the removal of interim permit signs was specifically presented to the Supreme Court, the dismissal for want of a substantial federal question was a decision on the merits of the issue and we are now prevented from reaching an opposite conclusion.

We affirm the district court's dismissal of this action with prejudice, and do not reach the question of whether sign owners have standing to enforce the Highway Beautification Act. Affirmed.