**OLD BROADWAY CORPORATION, Paradiso of Bismarck, Inc., Select Inns of America, Inc., Edmond Lefreniere, dba Happy Host Inn, J.E.P., Incorporated, Wold Properties, Inc., and Fagerholt-Jackson, Inc., Plaintiffs and Appellants,**

**and**

**Dakota Bank & Trust Co., Plaintiff,**

**v.**

**Walter R. HJELLE as North Dakota State Highway Commissioner, Defendant and Appellee.**

**Civ. No. 11328.**

**Supreme Court of North Dakota.**

**Aug. 12, 1987.**

Daniel J. Crothers (argued) and Edmund G. Vinje II, of Vinje Law Office, Fargo, for plaintiffs and appellants.

Lamb, McNair, Larson & Carlson, Fargo, for Dakota Bank & Trust Co.; no appearance.

Robert E. Lane, Asst. Atty. Gen., Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

This is an appeal from an order denying class-action status to a group of advertisers whose messages appear on highway signs scheduled for removal by the North Dakota State Highway Commissioner. We affirm.

In June of 1985 the North Dakota State Highway Commissioner ordered the removal of a class of highway signs identified as "interim permitted signs." A group of seven advertisers instituted an action against the Highway Commissioner seeking a writ of mandamus and a peremptory writ of prohibition or, alternatively, a temporary restraining order and preliminary injunction. The advertisers claim that the Highway Commissioner failed to classify and prioritize the signs pursuant to Section IX of the Right of Way Manual of the North Dakota State Highway Department and regulations promulgated under the Federal Highway Beautification Act. The district court issued a temporary restraining order preventing the removal of all interim permitted signs and denied a motion to dismiss brought by the Highway Commissioner.

The plaintiffs subsequently moved to have the case certified as a class action on behalf of all persons advertising on interim permitted signs. The Highway Commissioner resisted the motion and moved that the temporary restraining order be amended to apply only to the specific signs upon which the named plaintiffs advertise. The trial court denied the motion for class certification and amended the temporary restraining order to include only those signs upon which named plaintiffs had advertising messages displayed on November 5, 1985. The effective date of the amended restraining order was delayed for thirty days to allow other advertisers to intervene in the action. Thirty-two additional advertisers intervened as plaintiffs.

The sole issue on appeal is whether the trial court erred in denying the plaintiffs class-action status on behalf of all advertisers whose messages appear on interim permitted signs.

Although this court has concluded that it will interpret Rule 23, N.D.R.Civ.P., the "Uniform Class Actions Rule," so as to prove an open and receptive attitude toward class actions, and further indicated that it will not hesitate to overrule and reverse determinations denying class-action status in order to accomplish the remedial objectives of the class-action rule [*Rogelstad v. Farmers Un. Grain Ter. Ass'n*, 226 N.W.2d 370 (N.D.1975)],[1] the standard of review is, nevertheless, whether or not the trial court abused its discretion in certifying or refusing to certify actions as class actions. *Rogelstad, supra; Saba v. Counties of Barnes, Benson, Etc.*, 307 N.W.2d 590 (N.D.1981). A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner.

---

1. The rule construed by the *Rogelstad* court was identical to Rule 23 of the Federal Rules of Civil Procedure. Since that time we have adopted the Uniform Class Actions Rule which contains language similar to the Federal rule, but is not identical. The judicial philosophy of the rule has not changed since *Rogelstad*. See *Saba v. Counties of Barnes, Benson, Etc.*, 307 N.W.2d 590 (N.D.1981).

*Saba, supra; In Interest of F.H.*, 283 N.W.2d 202 (N.D.1979).[2]

█ Particular deference must be paid to the decision of the trial judge in this instance for he has previously presided over a closely related case involving the same signs as are at issue in this case. See *Newman Signs, Inc. v. Hjelle*, 317 N.W.2d 810 (N.D.1982). Nor are the courts of this State, including this court, unaware of the issues involved in this matter. See, in addition to *Newman Signs, supra, Newman Signs, Inc. v. Hjelle*, 268 N.W.2d 741 (N.D. 1978), *appeal dismissed*, 440 U.S. 901, 99 S.Ct. 1205, 59 L.Ed.2d 449 (1979). The removal of these signs has been before the Federal courts as well. See *Newman Signs, Inc. v. Sinner*, 796 F.2d 247 (8th Cir.1986). And the removal and erection of signs by the owner of the signs in question have long been issues before our courts. See *Newman v. Hjelle*, 133 N.W.2d 549 (N.D.1965). See also *Newman Signs, Inc. v. Hjelle*, 300 N.W.2d 860 (N.D.1981).

The battle has now shifted to the lessees of the owner of the signs who are the plaintiffs in the current action, but this extensive history of litigation over the removal of signs by the owner of the signs in question was well known to the trial judge and he was the trial judge in several of the actions.

The remedial objectives promoted by Rule 23, North Dakota Rules of Civil Procedure, include:

"... the efficient resolution of the claims or liabilities of many individuals in a single action, the elimination of repetitious litigation and possibly inconsistent adjudications involving common questions, related events, or requests for similar relief, and the establishment of an effective procedure for those whose economic position is such that it is unrealistic to expect them to seek to vindicate their rights in separate lawsuits." *Rogelstad, supra*, 226 N.W.2d at 376, quoting Wright & Miller, *Federal Practice and Procedure:* Civil § 1754.

Under Rule 23(b)(2) the trial court may certify an action as a class action if the following four requirements are satisfied:

1. The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable;

2. There is a question of law or fact common to the class;

3. A class action should be permitted for the fair and efficient adjudication of the controversy; and

4. The representative parties fairly and adequately will protect the interests of the class.

█ With regard to the third requirement, whether the class action should be permitted for the fair and efficient adjudication of the controversy, Rule 23(c)(1) lists several criteria to be considered by the trial court. While each of these criteria should be considered by the trial court, each need not be satisfied; nor need the trial court discuss in great detail all the criteria in its order. See *Holloway v. Blue Cross of North Dakota*, 294 N.W.2d 902 (N.D.1980).

█ The trial court found none of the four requirements under Rule 23(b)(2) to be satisfied and found six of the criteria listed under Rule 23(c)(1) to weigh against class certification. Basically, the following four

**2.** It may be judicial schizophrenia to purport to adhere to a standard of review denominated "abuse of discretion" and at the same time indicate we will not hesitate to overrule and reverse determinations denying class-action status under the guise of accomplishing the "remedial objectives of the class action rule." In *Rogelstad v. Farmers Un. Grain Ter. Ass'n*, 226 N.W.2d 370, 376 (N.D.1975), the court held that the trial court abused its discretion in denying class-action status but, perhaps recognizing the anomaly of such a statement, stated it did so "with great deference to the trial court's discretion in such matters." "Great deference to the trial court" seems akin to the de novo standard of review which holds that findings of the trial court are entitled to appreciable weight on appeal to the Supreme Court. See, e.g., *Pauly v. Haas*, 84 N.W.2d 302 (N.D.1957), and cases cited therein.

Perhaps it would be more intellectually honest to either reverse that portion of *Rogelstad* which purports to apply an abuse-of-discretion standard of review to appeals from denials of class-action status or to apply a de novo standard of review.

reasons for denying class-action status were given throughout the trial court's opinion:

I. Joinder of all members is not impracticable.

II. Due to the differences in the advertising contracts with the sign owners, each advertiser may have interests different from the parties bringing the lawsuit.

III. Management of a class with the potential for constant changes in membership would pose unusual difficulties.

IV. Alternative methods of adjudicating the claims of the advertisers, such as requiring intervention, are not impracticable or inefficient.

Because we deem as controlling the determination that due to the differences in the advertising contracts with the sign owners each advertiser may have interests different from the parties bringing the lawsuit and the determination that the management of a class with the potential for constant changes in membership would pose unusual difficulties, we need not decide whether or not the trial court was correct in its determination that none of the requirements are satisfied.

In its memorandum opinion and order, the trial court, in considering the third factor, found:

"The third factor to be considered is whether a class action should be permitted for the fair and efficient adjudication of the controversy. Rule 23(c) provides criteria for the Court to consider when making this determination. The Court has considered and given proper weight to all the criteria. The Court finds that a class action would not provide for the fair and efficient adjudication of the controversy based on the following:

"1. That the joint or common interest does not necessarily exist among members of the class. R. 23(c)(1)(A). There is no reason to believe that all members of the putative class would have attitudes similar to the persons bringing this action. Once again, members of the putative class who wish to avail themselves of the opportunity to intervene may do so.

"2. That common questions of fact do not predominate over any questions affecting only individual potential class members. R. 23(c)(1)(E). The Plaintiffs in this action are lessees of advertising space located on sign structures. Such advertising is often not mandated to be placed on a specific location. It may be that each advertiser has different interests since lessees may be leasing significantly different numbers of sign structures or urging different messages on the viewing public. An advertiser may also come to the conclusion that his message is located on a sign that is the basis of this controversy and would prefer to avoid litigation that is potentially damaging to his cause.

"3. That other means of adjudicating the claims and defenses are not impracticable or inefficient. R. 23(c)(1)(F). The Plaintiffs have begun this action and any parties who wish to intervene may do so. This is the most practical way to proceed. Plaintiff Dakota National Bank and Trust Co. availed itself of the opportunity to intervene and any other potential plaintiff may do the same.

"4. That the class action does not offer the appropriate means of adjudicating the claims and defenses. R. 23(c)(1)(G). As discussed above, there may be different interests among the members of the class so a class action is not the most appropriate means.

"5. That potential members of the class do have a substantial interest in individually controlling the prosecution of separate actions. R. 23(c)(1)(H). Individual members of the putative class may have different attitudes concerning their specific sign location and may be interested in the highway beautification. Therefore, they may indeed have a desire to control, or not bring at all, an action concerning these interim signs.

"6. That management of such a class would pose unusual difficulties. R. 23(c)(1)(K). The Court recognizes that the termination of advertising contracts or the execution of new contracts, as

well as decisions of the actual sign owners as to what message to place on their sign structures, could affect the nature of the class at any given time. A class with the potential for constant changes in membership would cause unusual management difficulties of a class action.

"For these reasons, the Court concludes that a class action would not provide for the fair and efficient adjudication of the controversy."

One of the prime allegations raised in the complaint is that the Highway Department intends to remove the signs "without regard to the removal priority classification under which each sign falls." The complaint requests relief in the form of a writ of mandamus requiring the Highway Department to adhere to the law requiring establishment of priority sign removal. See Chapter 24-17, N.D.C.C. The complaint refers specifically to the Highway Department Right of Way Manual, attached to the complaint, and Section IX, Part 9.03A, C, and D thereof, which govern, respectively, the inventory, priority for removal, and proposed timetable for removal of signs. Each of these categories lists several criteria for these determinations, many of which criteria are content specific, i.e., the content of the advertising must be considered in making the determinations for removal. Because of this the trial court concluded that the management of such a class would pose unusual difficulties and observed:

"The Court recognizes that the termination of advertising contracts or the execution of new contracts, as well as decisions of the actual sign owners as to what message to place on their sign structures, could affect the nature of the class at any given time. A class with the potential for constant changes in membership would cause unusual management difficulties of a class action."

The appropriate procedure to determine if signs are to be removed depends, in part, upon the content of the signs. The content changes as the lease changes and some of the leases are for a period of thirty days. In view of the protracted history of litigation involving the removal of the signs in question, the trial court's familiarity with that litigation, the shifting lessees of the signs at issue, and the content thereof, we conclude that the trial court did not abuse its discretion and therefore we affirm the trial court's determination that the management of the class would pose such unusual difficulties that a class action is inappropriate.

The order refusing to certify the class action is affirmed.

ERICKSTAD, C.J., and GIERKE, J., concur.

LEVINE, Justice, dissenting.

I respectfully dissent. Footnote 2 of the majority opinion explains better than I can, the basis for my dissent. So long as *Rogelstad v. Farmers Un. Grain Term. Ass'n, Inc.*, 226 N.W.2d 370 (N.D.1975), is good law, then we are obliged to review a trial court's denial of class action status, with scrutiny akin to the strict scrutiny we employ in our review of certain constitutional issues, or, as the majority suggests, de novo review. I say this because of the rule articulated in *Rogelstad,* but not followed by the majority, that this court will not hesitate to overrule and reverse a trial court's determination denying class action status in order to accomplish the remedial objectives of the class action rule. *Rogelstad* thus articulated a clear policy of interpretation of Rule 23 that would "provide an open and receptive attitude toward class actions."

A statement that we will not hesitate to overrule a trial court's denial of class action status is a pronouncement that class action is favored in this state and there had better be compelling reasons for denying it. While we have also stated that our standard of review of an order denying class action status is abuse of discretion, *Saba v. Counties of Barnes, Benson, Etc.*, 307 N.W.2d 590, 593 (N.D.1981), *Rogelstad* clearly expands the customary, limited scope of that review.

It seems to me that the majority ought to explicitly overrule *Rogelstad*, instead of continuing to cite it while ignoring its pre-

cepts. As it stands, the majority implicitly overrules *Rogelstad*'s pronouncement that Rule 23 is to be interpreted openly and favorably to class actions and that we will not hesitate to overrule denials of class action status.

Applying the *Rogelstad* rule to this case, in my view, requires reversal of the denial of class action. The reasons given by the trial court for denying class action status disintegrate when the nature of this particular lawsuit is considered in light of the remedial objectives promoted by Rule 23.[1] The plaintiffs want resolved the issue of whether the Highway Commissioner must follow certain procedures before removing interim permitted signs. In order to achieve uniform application of procedural requirements deemed necessary by the court before the removal of any sign, the plaintiffs requested a temporary restraining order prohibiting the removal of interim permitted signs. Initially, the trial court granted a temporary restraining order prohibiting the removal of all interim permitted signs. Had this restraining order not been amended, it would have benefited all potential members of the class and obviated the need for a class action. *See, e.g., Gray v. International Brotherhood of Electrical Workers,* 73 F.R.D. 638, 641 (D.D.C.1977), and cases cited therein.

However, the temporary restraining order was amended, leaving the Highway Commissioner free to remove all interim permitted signs leased by advertisers not named in the action. Class certification is thus necessary to avoid repetitious litigation of the same issue by advertisers not named in this case and to prevent inconsistent and unfair treatment of the advertisers by the Highway Commissioner. Rule 23 is a procedural tool designed to meet these objectives. *See Rogelstad, supra* at 376. *See also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1754 (2d ed. 1986).

The trial court and the majority agree that management of the class would pose unusual difficulties because the membership of the class is subject to change as new advertising leases are entered into and old leases expire. However, the fact that a class is subject to constant change weighs in favor of class certification, rather than against. *See Leist v. Shawano County,* 91 F.R.D. 64, 67 (E.D.Wis.1981); *Santiago v. City of Philadelphia,* 72 F.R.D. 619, 624 (E.D.Pa.1976). It is only when management difficulties make a class action less fair and efficient than some other method, such as individual interventions or consolidation of individual lawsuits, that a class action is improper. 1 Newberg, Class Actions, § 4.32 at 338 (2 ed. 1977).

In this case, a class action enhances fairness and efficiency because advertisers entering into new leases automatically become members of the class and will not have to initiate separate lawsuits in order to prevent the removal of the interim permitted signs displaying their messages. The Highway Commissioner also benefits from class certification because all advertisers notified of the action are bound by the decision of the trial court, thus putting to an end the claims of the advertisers in one lawsuit. Additionally, the potential for constant change in the membership of the class makes joinder impracticable. *See, e.g., Leist v. Shawano County, supra; Santiago v. City of Philadelphia, supra.* Thus, the requirement that joinder of all members is impracticable is met in this case.

Another concern expressed by the trial court and reiterated by the majority is the differences in the advertising contracts and the content of the messages displayed. While there may be differences in the length of the leases and the content of the messages, the issue sought to be determined by the representative plaintiffs, whether the Highway Commissioner may remove interim permitted signs without

---

1. Although related to the *Newman Signs* cases cited by the majority, this is a separate case involving different parties and issues and should be viewed on its own merits. If the trial court knew as much about the ulterior motives of *Newman Signs* from previous litigation as the majority deduces, then perhaps it should have disqualified itself in order to permit Rule 23 to be applied with the receptive attitude mandated by *Rogelstad.*

giving notice to the class members and without classifying and prioritizing the signs before removal, is common to all members of the class. The differences in the advertising leases are irrelevant because the advertising contracts are not at issue in this case. The representative plaintiffs seek to adjudicate the appropriate procedure for the removal of the signs, not specific priorities. If, at the completion of the lawsuit, the trial court were to determine that the Highway Commissioner had the duty to classify or prioritize the signs before removal, the class could be fixed for that purpose. Thus, the differences in the advertising contracts have no bearing on the common interest of the class members in determining whether the Highway Commissioner must follow certain procedures before removing the interim permitted signs.

Finally, the trial court found that other means of adjudicating the claims and defenses are not impracticable or inefficient. Pervasive in the trial court's reasoning in denying class certification is its reliance upon the notion that other advertisers can intervene in the action. This rationale overlooks or miscalculates both the impracticability of joinder and the inadequacies of requiring intervention in this case due to the limited scope of the temporary restraining order.

Denying class action status in this case defeats the remedial objectives of Rule 23 by preventing the resolution of a common issue in a single action and by opening the door to repetitious litigation and potentially inconsistent adjudications involving the duties of the Highway Commissioner to the advertisers. Accordingly, I would reverse the trial court's order denying class action status and remand the case for further proceedings.

MESCHKE, J., concurs.