John C. DANFORTH, Attorney General of Missouri, et al., Plaintiffs,

v.

Montie L. CHRISTIAN, County Clerk of Cole County, Missouri, Defendant.

Civ. A. No. 1825.

United States District Court, W. D. Missouri, C. D.

Oct. 31, 1972.

---

Charles B. Blackmar, Special Asst. Atty. Gen. to John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Mo., for plaintiffs.

Bryon Kinder, Pros. Atty. of Cole County, Missouri, Jefferson City, Mo., for defendant.

James F. Dowd, III, Jefferson City, Mo., for James C. Kirkpatrick, Secretary of State, amicus curiae.

Before GIBSON, Circuit Judge, BECKER, Chief Judge, and HUNTER, District Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT OF THREE JUDGE COURT

WILLIAM H. BECKER, Chief Judge.

This is a civil action, under § 1983, Title 42 U.S.C.A., for a declaratory judgment and injunctive relief, challenging the constitutionality of the provisions of the Missouri Constitution and Missouri statutes prescribing durational residence requirements as qualifications for the right to vote in Missouri general, primary and other elections.[1] The original plaintiff is the Attorney General of Missouri. The defendant Clerk of Cole County is the officer authorized by Missouri to conduct registration of potential voters and to administer the election laws within Cole County, one of the 114 counties (including the City of St. Louis, as one separate co-ordinate county type political subdivision).

The standing of the Attorney General to maintain an action under § 1983 was questioned early by the Court and by the defendant. This question has been rendered moot by order of the District Court adding the individual plaintiffs Daniel P. Card II and Margaret Tyler Card, each of whom had been denied by the defendant, the right to register for the purpose of voting, for election of any officer or for any purpose in the General Election scheduled for November 7, 1972. The evidence establishes, without controversy, that Mr. and Mrs. Card are, and have been domiciled resident citizens of Missouri and of Cole County, Missouri, for many more than thirty days prior to November 7, 1972. The standing of Mr. and Mrs. Card to maintain this action under § 1983 is not questioned.

The Honorable James C. Kirkpatrick, Secretary of State of Missouri, on his motion was permitted to appear as *amicus curiae*. Secretary Kirkpatrick has offered and provided full and prompt assistance in solution of the problems presented by this civil action.

On September 22, 1972, pursuant to notice, a plenary evidentiary hearing upon all questions (including the propriety of the issuance of a temporary restraining order) was held by a single district judge.

The primary issues considered at that hearing were: (1) the right to a temporary restraining order and the power of a single judge to grant such an order; (2) the necessity for convening a Three Judge Court; (3) the right to a declaratory judgment; (4) the right to a judi-

---

1. By § 1973aa–1, Title 42 U.S.C.A. Congress abolished the " . . . durational residency requirements" as a precondition to voting for President and Vice President; and required each state to "provide by law for the registration or other means of qualification of all duly qualified residents of such State who apply, not later than thirty days immediately prior to any presidential election, for registration or qualification to vote for the choice of electors for President and Vice President or for President and Vice President in such election . . . . ."

cial determination that the action proceed as a class action in respect to the proposed class of plaintiffs; and (5) on the initiative of the Court the propriety of a judicial determination that the action proceed as a class action in respect to a defendant class consisting of all officers and other officials of the state and its political subdivisions charged with enforcement and application of the challenged state laws.

After consideration of the pleadings, evidence, briefs and arguments it was determined by a single judge that:

(1) The class action request of plaintiffs should be granted under subparagraphs (b)(1)(A) and (b)(2) of Rule 23, F.R.Civ.P., as a compulsory class.

(2) On the initiative of the Court, the action should proceed as a class action under subparagraphs (b) (1)(A) and (b)(2) of Rule 23, F.R.Civ.P., against a compulsory defendant class, consisting of all officers and other officials charged with the enforcement and application of the provisions of the Constitution and laws of Missouri prescribing qualifications for registration and voting in the general election of 1972, and subsequent general, primary and other elections.

(3) A temporary restraining order should be immediately issued restraining, until further order of Court, the named defendant and members of the defendant class, (a) from denying any domiciled citizen of Missouri the right to register and to vote in the general election to be held November 7, 1972, if the citizen requests registration before the time fixed by law which is either October 10, 1972, or October 11, 1972, depending on the particular statute applicable and (b) from enforcing, in any area in which registration is not required, any state law prescribing a period of domicile of more than 30 days duration prior to voting in any election.

(4) The best practicable notice to be given to members of the tentative plaintiff and defendant classes is through a joint press release issued by the original plaintiff and *amicus curiae* to each county clerk and chairman of each Board of Election Commissioners and to news media by news releases advising members of the class of the extent of the proposed judgment and that each of them may by writing or personal appearance signify whether they consider the representation of the class fair and adequate, intervene in the action and present claims or defenses, or otherwise come into the action. The original plaintiff and *amicus curiae* are hereby authorized to issue news releases to the county clerks, the chairman aforesaid and to the news media accurately notifying the members of each class of the contents of this memorandum including but not limited to this subparagraph.

(5) A Three Judge Court should be convened for further proceedings in this action.

Orders implementing these determinations have been entered, and a Three Judge Court convened by Chief Circuit Judge M. C. Matthes. Emergency and adequate notice through the news media has been effectively given to the members of the plaintiff class and the defendant class, without use of penalty covers of the District Court or Clerk thereof.

Because of the imminent general election of November 7, 1972, with the approval of the District Court ratified and confirmed by this Three Judge Court, this action by agreement has been finally submitted for final decision upon the pleadings, briefs and record of the plenary evidentiary hearing and oral argument of September 22, 1972, before a single district judge. Further hearing

and argument before this Three Judge Court has been waived, because of sufficiency of the prior hearing and because of the urgency of the circumstances.

The class action determinations and orders by the District Court heretofore entered in this action are hereby approved, confirmed and adopted by this Three Judge Court.

All constitutional, statutory and other provisions of Missouri law (a) denying any domiciled citizen of Missouri the right to register and to vote in the general election to be held November 7, 1972, if the domiciled citizen requests registration, otherwise proper, before the close of registration, which is fixed by law at either October 10, 1972, or October 11, 1972, depending on the applicable statute, and (b) denying the right to vote to any citizen, who has been a domiciled resident citizen of Missouri and of a voting precinct thereof (in which registration is not required) for thirty days or more prior to November 7, 1972, are unconstitutional and void under the Fourteenth Amendment to the Constitution of the United States.

The federal Constitutional standards of the Fourteenth Amendment to the Constitution of the United States, upon which these conclusions are based, forbidding denial of the Equal Protection of the Law, and guaranteeing the Right to Travel in the United States are enunciated in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 1332, 31 L.Ed.2d 274. These standards have been applied in 1972 in this Circuit by a Three Judge Court in Smith v. Climer (E.D.Ark.) 341 F.Supp. 123.

A judgment, in accordance with these findings is entered, attached hereto and incorporated by reference.

## FINAL DECLARATORY JUDGMENT AND JUDGMENT GRANTING INJUNCTION

### PER CURIAM.

For the reasons stated in the foregoing Findings of Fact, Conclusions of Law and Judgment, it is hereby

Ordered and adjudged that the defendant, and all members of the defendant class consisting of county clerks and other election officials and authorities in Missouri, including Boards of Election Commissioners, be, and they are hereby, permanently and forever restrained and enjoined (a) from denying any domiciled, resident citizen of the State of Missouri the right to register and to vote in the general election to be held November 7, 1972, if the domiciled citizen has been such for thirty days next preceding November 7, 1972, on the ground that the said applicant will not have been a resident of Missouri for one year, or of the county, city or town for sixty days, next preceding the election of November 7, 1972, and (b) from enforcing, in any area in which registration is not required, any state law prescribing a period of domicile of more than thirty day's duration prior as a right to voting in any election. It is further

Ordered and adjudged that all constitutional, statutory and other provisions of Missouri law denying to any resident, domiciled citizen of Missouri the right to register and vote in the general election to be held November 7, 1972, if the resident, domiciled citizen requests registration, otherwise proper, before the close of registration, which is fixed by law at no later than either October 10, 1972, or October 11, 1972, depending on the applicable statute, and denying the right to vote to any citizen who has been a resident, domiciled citizen of Missouri, and of a voting precinct thereof in which registration is not required, for thirty days or more prior to November 7, 1972, are unconstitutional and void under the Fourteenth Amendment to the Constitution of the United States. It is further

Ordered and adjudged that this Court retain jurisdiction for the purposes of granting such other and further orders and judgments as in the premises be meet and just. It is further

Adjudged and declared that any person who has resided in and had domicile in the State of Missouri for at least thirty days prior to November 7, 1972,

shall be entitled to vote for all purposes in the general election November 7, 1972, but that any person who has not resided in and had domicile in the State of Missouri for the thirty days preceding November 7, 1972, is not entitled to vote in the general election on November 7, 1972.