**Eleanor P. MARCHWINSKI and Margaret A. Samson, on behalf of themselves and on behalf of all other persons similarly situated, Plaintiffs,**

**v.**

**OLIVER TYRONE CORPORATION, Oliver Realty, Inc., Pittsburgh Buildings Association, on behalf of themselves and Oliver Tyrone Corporation on behalf of all other persons similarly situated, and Building Service Employees' International Union, AFL–CIO, Pittsburgh Local # 29, Defendants.**

**Civ. A. No. 76–72.**

United States District Court,
W. D. Pennsylvania.

Jan. 18, 1979.

Roslyn M. Litman, Howard A. Specter, Pittsburgh, Pa., for plaintiffs.

Robert W. Hartland, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Oliver Realty & Pgh. Bldg. Assoc.

Herman L. Foreman, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., for Local # 29.

Judd N. Poffinberger, Jr., Thomas R. Johnson, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for Oliver Tyrone Corp.

## MEMORANDUM OPINION

COHILL, District Judge.

The plaintiffs in this case, two named female workers, have alleged that the named defendants, Oliver Tyrone Corporation, Oliver Realty and Local 29 of the Building Service Employees International Union, have individually, in concert with each other, and in concert with other employers similarly situated to Oliver Tyrone, effected employment policies and practices which discriminated against females. Plaintiffs have asserted causes of actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1871 (§ 1985(3)), the federal antitrust laws, and the Labor Management Relations Act of 1947. (For the purposes of this opinion, the Labor Management Relations Act claim is excluded, since it is asserted against Local 29 only.)

At this point in the proceedings, we were to consider the plaintiffs' motion for certification of a class of plaintiffs, to be composed of similarly-situated female workers, and a class of defendants, to be composed of approximately thirty to fifty employers in the City of Pittsburgh who are similarly situated to Oliver Tyrone, or alternately, plaintiffs' motion for an order allowing class discovery. However, the defendants, Oliver Realty and Oliver Tyrone opposed both of these motions on the ground that certification of a defendant class in this case would be inappropriate *as a matter of law* under Rule 23(a) of the Federal Rules of Civil Procedure. Arguments on this specific issue have been heard and all briefs of the parties carefully reviewed.

The defendants' contentions are (1) that a defendant class cannot be certified in this case because the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation cannot be met; (2) that a class of defendants cannot legally be certified where none of the named plaintiffs has dealt directly with the unnamed defendants unless a sufficient "juridical relationship" exists between the defendants; and (3) that the unnamed defendants cannot now be included in this suit since they were not named in proceedings before the Equal Employment Opportunities Commission ("EEOC").

■ A defendant class is an unusual, although not entirely novel concept. Rule 23(a) expressly provides that "[o]ne or more members of a class may sue or be sued . . ."

■ This Court recognizes at the outset that a defendant class differs in vital respects from a plaintiff class, and that the very notion of a defendant class raises immediate due process concerns. When one is an unnamed member of a plaintiff class one generally stands to gain from the litigation. The most one can lose—in cases where res judicata operates—is the right to later bring the same cause of action. However, when one is an unnamed member of a defendant class, one may be required to pay a judgment without having had the opportunity to personally defend the suit. Although we believe that the Rule 23 requirements of adequacy of representation and notice to class members were designed to safeguard due process rights, we note the inherent difference in the nature of plaintiffs and defendants in most suits and suggest that a defendant class should be certified and such an action tried only after careful attention to these safeguards.

We find no merit to defendants' claims that the Rule 23(a) requirements of numerosity and common questions will not be met in this case. On the limited record before us, both are present. The requirements of typicality of the representative and adequacy of representation are more difficult questions, raising the due process concerns we noted initially. However, we cannot say that the named defendants are atypical or inadequate as a matter of law at this point in these proceedings. Further, we believe that the facts before us demonstrate a likely "juridical relationship" among the defendants. The union contract between the proposed plaintiffs and proposed defendants is a specific nexus tying, all together. *Cf., Haas v. Pittsburgh National Bank,* 526 F.2d 1083 (3d Cir. 1975).

■ On the other hand, defendants do raise a serious barrier to certification of a defendant class on the Title VII claim. We agree that a party must first be a respondent in the EEOC's administrative investigation before it can be sued under Title VII. *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711 (7th Cir. 1969). To join defendants who were not respondents before the EEOC would frustrate the primary goal of Title VII—voluntary compliance with the law. *Id.* at 719. We cannot assume that conciliation attempts would be unsuccessful in the case of those defendants who were not given an opportunity to conciliate. Moreover, since exhaustion of the administrative process is a jurisdictional prerequisite to suit, this Court has no jurisdiction over the unnamed defendants.

■ In summary, then, we hold that a defendant class is inappropriate as a matter of law as to the Title VII claim, but that certification of a defendant class on the remaining claims is not legally precluded, and discovery will be permitted on the question of certification of plaintiff and defendant classes relative to the assertion of violations of the Civil Rights Act of 1871 and the anti-trust laws.