**Charles R. HENSON, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**EAST LINCOLN TOWNSHIP, an Illinois Municipal Corporation, and all others similarly situated, and Walter Miller, in his official capacity as supervisor of general assistance in East Lincoln Township, and all others similarly situated, Defendants.**

No. 80–3280.

United States District Court, C.D. Illinois, Springfield Division.

Oct. 30, 1985.

Paul George, Land of Lincoln Legal Assistance Foundation, Inc., Champaign, Ill., Roberta Shallenberger, Land of Lincoln Legal Assistance Foundation, Inc., Mattoon, Ill., Margaret Stapleton, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., Philip C. Milsk, Land of Lincoln Legal Assistance Foundation, Inc., Carbondale, Ill., Richard Chase, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., Anthony Gonzalez, Atty., Land of Lincoln Legal Assistance Foundation, Alton, Ill., for plaintiff.

Paul Bown, Gary M. Peplow, Heyl, Royster, Voelker & Allen, Springfield, Ill., Carol Pope, Menard County State's Atty., Petersburg, Ill., John Foltz, Monticello, Ill., Zollie Arbogast, Jr., Arbogast & Arbogast, Casey, Ill., Tim P. Olson, Morgan County State's Atty., Jacksonville, Ill., Ronald Robinson, Scott County State's Atty., Winchester, Ill., Oral C. Kost, Kost, Downs & Merdian, Lewistown, Ill., William G. Schwartz, Hunter & Schwartz, Carbondale, Ill., Gregory C. Pelini, Pelini, Crewell & Sheffler,

Champaign, Ill., Gene Cain, Philo Township Supervisor, Philo, Ill., for defendants.

## ORDER

MILLS, District Judge:

Question: Can a class of *defendants* be certified under Fed.R.Civ.P. 23(b)(2)?

Congress has not as yet specifically said yes.

Until it does, or the Court of Appeals says otherwise, this Court declines the invitation.

And in view of the split of authority on this issue, it is hoped that the Court of Appeals will resolve the matter in this circuit.

This matter is before the Court upon Plaintiff's amended motions to certify a plaintiff class and two defendant classes pursuant to Fed.R.Civ.P. 23(b)(2). Also before the Court is Defendants' motion to dismiss, which is essentially based on their argument that class certification is improper in this case. Motions to compel discovery are also under advisement at this time. Plaintiff, Charles R. Henson, filed this action on September 24, 1980, under 42 U.S.C. § 1983 and alleges that the Defendants East Lincoln Township and Walter Miller, Supervisor of General Assistance for East Lincoln Township, violated his due process rights guaranteed by the Fourteenth Amendment, U.S. Const., amend. XIV, § 1.

Plaintiff's first amended complaint alleges that the Defendants deprived him of due process of the law by failing to use published, written standards to determine Mr. Henson's eligibility for General Assistance (a basic needs welfare system established by the State of Illinois), and by failing to provide timely, written notice and explanation of their decision to deny, approve, reduce, or terminate General Assistance. The complaint further alleges that other providers of General Assistance in counties throughout central and southern Illinois do not use written standards or notice procedures in determining eligibility for welfare benefits. These deficiencies by the named Defendants and the other providers of General Assistance allegedly deprive a class of persons similarly situated to Mr. Henson their due process rights.[1]

The Plaintiff, therefore, requests that the district court certify, pursuant to Fed.R.Civ.P. 23(b)(2), a plaintiff class consisting of all persons who have applied or will apply for General Assistance and who were or will be denied or provided assistance without written standards, and those persons who: were not, for each decision to deny, approve, reduce, or terminate assistance, given a timely, written notice which included (A) the decision, (B) the reason for the decision and the written policy section relied upon in making the decision, and (C) an explanation of the right to appeal the decision, to receive continued assistance pending a timely appeal, and the method provided to appeal the decision.

In addition, the Plaintiff requests certification of two defendant classes, with the named Defendants as representatives. As defined by Plaintiff, the first class would consist of all the supervisors of General Assistance who administer welfare programs in townships within sixty-five named counties in Illinois, and which, at any time since September 24, 1975, did not receive or does not receive state funds under Ill.Rev.

---

1. Plaintiffs cite *White v. Roughton*, 530 F.2d 750 (7th Cir.1976), which held that due process requires the establishment of written standards and regulations by local government units administering General Assistance programs to insure "fair and consistent application of eligibility requirements." *Id.* at 754. In addition, *White* also held that due process requires written notice and an opportunity to be heard when an application for assistance is denied, approved, terminated, or otherwise changed. *Id.* at 752–53. Plaintiffs present suit seeks merely to enforce the *White* decision with respect to a large number of townships alleged to be in violation of clear legal standards set forth in that decision. Initial discovery supports those allegations. For instance, of the 439 supervisors who responded to plaintiff's discovery questions, 281, or 64 percent, admitted that their units do not, as a matter of policy and practice, apply written standards in determining eligibility for General Assistance. Plaintiff's brief in response to Brief of Amici Curiae, No. 80–3280 (March 14, 1985) at 3.

Stat., ch. 23, § 12–21.[2] The second defendant class would consist of the local government units which administer General Assistance programs and which, at any time since September 24, 1975, did not receive or does not receive state funds. The Plaintiff requests declaratory and injunctive relief as well as "equitable restitution" for himself and the other class members.

I

The primary issue raised by the parties is whether a class of defendants action can ever be certified under Fed.R.Civ.P. 23(b)(2), as Plaintiff attempts to do in this case. Under Rule 23(b)(2), an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Defendant argues and amicus urges[3] that defendant classes cannot be certified under the authority of (b)(2) and both cite a line of cases to that effect. *See, e.g., Thompson v. Board of Education*, 709 F.2d 1200 (6th Cir.1983); *Paxman v. Campbell*, 612 F.2d 848, 854 (4th Cir.1980). These cases base their decisions on the purported incompatability of the language of Rule 23(b)(2) with the certification of defendant classes. As explained in *Paxman*:

> As is clear from the language of Rule 23(b)(2), it is applicable to situations in which a class of plaintiffs seeks injunctive relief against a single defendant—the *party* opposing the class—who has acted on grounds generally applicable to the plaintiff class. To proceed under 23(b)(2) against a class of defendants would constitute the plaintiffs as the "party opposing the class", and would create the anomalous situation in which the plaintiffs' own actions or inactions could make injunctive relief against defendants appropriate.
> 612 F.2d at 854.

Thus, a literal reading of Rule 23(b)(2) would seem to require both that the Plaintiff ("the party opposing the class") act on some ground generally applicable to the Defendant class, and that the class seek injunctive relief against the Plaintiff.[4] In addition to the language problem, both *Thompson* and *Paxman* quote the Advisory Committee Notes to Rule 23 as expressing an intent to limit section (b)(2) to plaintiff classes:

> Subdivision (b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Judicial

---

**2.** The receipt of state funds is important to the proposed class definition because a township that receives state funds (a "receiving township") to supplement inadequate local funds is bound by the rules and regulations of the Illinois Department of Public Aid, which require due process in the administration of such township's welfare program. Therefore, plaintiff would have no due process claim against a "receiving township".

**3.** Pursuant to the order of the U.S. Magistrate, dated December 11, 1984, this Court allowed certain members of the proposed first defendant class to appear as amicus curiae for the purpose of briefing the class certification issue. *See Henson v. East Lincoln Township*, No. 80–3280 (Dec. 11, 1984). While arguing that defendant classes are not properly certifiable under Rule 23(b)(2), amicus does note the substantial con-

flict between the circuits on this question. Amicus therefore suggests that this Court certify the question for immediate review by the Seventh Circuit pursuant to 28 U.S.C. § 1292(b).

**4.** Some courts have held the first part of the requirement satisfied by the plaintiff's having filed suit against the defendants, *e.g., Kidd v. Schmidt*, 399 F.Supp. 301, 303–04 (E.D.Wisc. 1975) (three-judge court). This approach, however, has been criticized as bending the rule's meaning out of shape to produce a desired result. *See Coleman v. McLaren*, 98 F.R.D. 638 (N.D.Ill.1983). Another problem with this reasoning is that it would in effect render Rule 23(b) superfluous by allowing the provisions of (b)(2) to be satisfied automatically. See Note, *Defendant Class Actions*, 91 Harv.L.Rev. 630, 634 n. 28 (1978).

Conference Advisory Committee, Notes on Rule 23(b)(2), 39 F.R.D. 69, 102 (1966). In this circuit, at least three district courts have reached opposing conclusions. In *Coleman v. McLaren*, 98 F.R.D. 638, 651–52 (N.D.Ill.1983), Judge Shadur held that those courts which routinely certify defendant classes under Rule 23(b)(2) are engaged in improper "judicial activism" by going beyond the language of the rule. The Court in *Coleman* reasoned that:

> In this Court's view neither such approach is legitimate. "Judicial activism" is a much mooted concept these days. Some swear at it; others swear by it. But if that adjective-noun combination may ever legitimately carry pejorative connotations, it must be in situations where the responsible parties—the constitutional framers, the Congress or (as in this case) the draftsmen of the Rules—have created a limited provision and the judiciary has deliberately removed the limitation simply because the general idea is considered a good candidate for expansion.

*Id.* at 651.

Doubt as to the propriety of certifying defendant classes under (b)(2) has also been expressed by our Court of Appeals in *Adashunas v. Negley*, 626 F.2d 600, 604–05 (7th Cir.1980). While not a square holding on the issue, the Court stated:

> As Professor Moore has pointed out, the language of Fed.R.Civ.P. 23(b)(2) must be "wrenched to fit" the concept of a defendant class if indeed the language can be stretched in that direction at all. 3B Moore's Federal Practice ¶ 23.40[6] at 23–310 (2d ed. 1980). "There is certainly a substantial question as to whether the general approach to litigation and inclusion of a defendant class could ever be sanctioned under Rule 23 . . ." *Mudd v. Busse*, 68 F.R.D. 522, 526 (N.D.Ind. 1975). "[T]he very notion of a defendant class raises immediate due process concerns." *Marchwinski v. Oliver Tyrone Corp.*, 81 F.R.D. 487, 489 (W.D.Pa.1979).

In opposition to this are a line of cases, including two district court decisions in this circuit, holding that defendant class actions are proper under Rule 23(b)(2). *See Marcera v. Chinlund*, 595 F.2d 1231 (2d Cir.), *vacated on other grounds sub nom Lombard v. Marcera*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979); *Leist v. Shawano Co.*, 91 F.R.D. 64 (E.D.Wisc.1981); *Hopson v. Schilling*, 418 F.Supp. 1223 (N.D.Ind.1976); *Rodriguez v. Township of DeKalb*, No. 80 C 1509 (N.D.Ill. Oct. 31, 1984) (unpublished order). While noting the awkwardness of the language in Rule 23(b)(2) when applied to defendant classes, these cases hold that the history and purposes of Rule 23 should allow certification of defendant classes under the rule. In the *Rodriguez* case, Judge Moran sets forth that Court's reasons why the language of (b)(2) should not preclude defendant classes under that section. First, the language of Rule 23(a) that "one or more members of the class may sue *or be sued* as representative parties" strongly suggests that Rule 23 permits certification of defendant classes. The Court continued:

> Since Rule 23(a) sets out the prerequisites for the certification of all class actions, this presumption in favor of the propriety of defendant classes must be considered when weighing the language of Rule 23(b)(2). The language of Rule 23(b)(2) is also not wholly incompatible with defendant class actions. If the drafters of the Federal Rules intended to limit 23(b)(2) to plaintiff classes, it is puzzling why they used the circumlocution "the party opposing the class" rather than the simpler and more precise term "defendant". Their failure to specify that only a single defendant can oppose a 23(b)(2) plaintiff class is especially telling in light of the wording of Rule 23(a) authorizing defendant class actions.

*Rodriguez*, at p. 12.

Professor Moore, in apparent agreement with this approach, acknowledges that the language of (b)(2) must be "wrenched to fit" defendant class actions. However, he further states that they are useful devices and that there appears to be no intent to

assign them exclusively to the standards of (b)(1). 3B Moore's Fed. Practice ¶ 23.40[6].

The most important reason many courts are willing to go beyond the language of (b)(2) is that defendant class actions are consistent with the two policies which underlie Rule 23 as a whole: (1) to promote efficient use of judicial resources by permitting one large suit to replace smaller suits and by preventing relitigation of identical issues; and (2) to promote compliance with well established legal norms by increasing the effectiveness of declarative or injunctive relief with respect to a group of defendants who are engaged in similar practices in contradistinction to clear legal standards. *Rodriguez* at p. 13 (citing *Marcera v. Chinlund*, 595 F.2d 1231 (2nd Cir.1979); H. Newberg, 1, Class Actions, § 1148, p. 251); *see also* Note, *Defendant Class Actions*, 91 Harvard L.Rev. 630 (1978).

Another rationale for allowing (b)(2) defendant classes is their long history. For instance, Judge Moran cites a number of cases in which courts have certified a wide variety of (b)(2) defendant classes and argues that the long history of such lawsuits counsels against ruling out its use in this context. *Rodriguez* at p. 14. For example, suits to establish a plaintiff's rights as against a class are among the oldest examples of representative suits in equity. *See* 3B Moore's Fed. Practice ¶ 23.40[6] n. 2 (citing *Brown v. Vermuden* (1676), 1 Ch. Cas 272, 22 Eng.Rep. 796.) In more recent times, suits against classes of local public officials have been allowed, challenging, for example, a state voting residency requirement, *e.g. Danforth v. Christian*, 351 F.Supp. 287 (W.D.Mo.1972); *Ferguson v. Williams*, 330 F.Supp. 1012 (N.D.Miss. 1971), a welfare law, *e.g. Hopson v. Schilling*, 418 F.Supp. 1223 (N.D.Ind.1976); *Leist v. Shawano*, 91 F.R.D. 64 (E.D.Wisc.1981), or a law regulating county and city jails, *e.g. Wilson v. Kelly*, 294 F.Supp. 1005 (N.D.Ga.1968). Certification of defendant classes has also been allowed (1) in patent infringement cases, *see e.g. Dale Electronics, Inc. v. R.C.L. Electronics, Inc.*, 53 F.R.D. 531 (D.N.H.1971); *Research Group v. Pfister Associated Growers, Inc.*, 301 F.Supp. 497 (N.D.Ill.1969), appeal dismissed sub nom. *Research Corp. v. Asgrow Seed Co.*, 425 F.2d 1059 (7th Cir.1970); *Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc.*, 285 F.Supp. 714 (N.D.Ill. 1968); (2) in securities litigation, *e.g. In re Itel Securities Litigation*, 89 F.R.D. 104 (N.D.Cal.1984); *In re Gap Stores Securities Litigation*, 79 F.R.D. 283 (N.D.Cal. 1978); and (3) in anti-trust actions involving common issues, *e.g. Osborn v. Penn-Delaware Service Station Dealers Association*, 94 F.R.D. 23 (D.Del.1981); *Management Television System, Inc. v. National Football League*, 52 F.R.D. 162 (E.D.Penn. 1971). Those courts that support defendant class actions under (b)(2) contend that the continuing certification of (b)(2) defendant classes does suggest at least tacit Congressional acquiescence in their continued use.

It is this Court's view, however, that the language of (b)(2) was not intended to encompass defendant classes. In addition to going beyond the express language of the rule, defendant classes present a greater potential for violating the due process rights of absent class members than a plaintiff class action. Because of this, it would be improper to expand (b)(2) beyond its express provisions.

As previously mentioned, the Seventh Circuit in *Adashunas* expressed concern that the very concept of defendant classes may violate due process. The due process concern in this context is the basic unfairness of binding absent parties to a decision in which the party himself did not participate. The problem is highlighted in defendant class actions where an unwilling party cannot "opt out" of the class as he could in a plaintiff class action. Under (b)(2), a defendant class member is bound by the decision whether or not he wishes to be part of the class. *Compare*, Fed.R. Civ.P. 23(b)(3) (includes "opt out" provisions for unwilling class members). Another due process problem is that an unnamed member of a plaintiff class stands to lose only the right to later bring the same cause

of action. In contrast, an unnamed member of a defendant class may be required to pay a judgment without having had the opportunity to personally defend the suit. See *Marchwinski v. Oliver Tyrone Corp.*, 81 F.R.D. 487, 489 (W.D.Penn.1979). A further concern is that the plaintiff may have the power to choose a weaker opponent as the defendant class representative.[5]

The rationale for allowing defendant classes despite these problems is that the class suit is an exception to the general principle of law that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party. *See Pennoyer v. Neff*, 95 U.S. 714, 5 Otto 714, 24 L.Ed. 565 (1877). As such, special due process rules have evolved around the use of class suits in order to enable the device to achieve its goal of vindicating the rights of groups of persons whose numbers are so large as to render the usual rules of procedure impracticable. *Hanberry v. Lee*, 311 U.S. 32, 41, 61 S.Ct. 115, 118, 85 L.Ed. 22 (1940).

Addressing the fairness issue, the Supreme Court in *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940), held that a class action may bind absent parties consistently with due process so long as their interests receive adequate representation, the fourth requirement of Rule 23(a). *See also Sam Fox Publishing Co. v. U.S.*, 366 U.S. 683, 691, 81 S.Ct. 1309, 1314, 6 L.Ed.2d 604 (1961) (defendant class). The requirements of Rule 23(a)(2) and (3)—that there be common issues of law or fact and that the claims and defenses of the representative be typical of the claims and defenses of the class—can also be viewed as fulfilling the *Hansberry* precept. See Note, supra at p. 638. The presence of common issues normally assures that the class representative will protect the interests of absent class members simply by protecting his own. See *Marcera v. Chinlund*, 595 F.2d 1231, 1239 (2nd Cir.1979); Note, supra at p. 632. Thus, the four requirements of Rule 23(a) can be viewed as insuring due process in class action lawsuits.

It is arguable that so long as the requirements of Rule 23(a) are met, Defendants are not deprived of due process of the law. However, because an individual defendant in a defendant class is an unwilling participant, many courts have been reluctant to certify a defendant class *when the action is brought by a plaintiff class*. Those courts that have certified defendant classes have come up with special rules applicable only to defendant class actions. Examples of such rules include requirements (1) that a showing be made that common questions do *in fact* predominate over individual issues; (2) that each named plaintiff has a colorable claim against each defendant unless the defendant members are related by a conspiracy or "juridicial link", *see Thillens, Inc. v. Com. Currency Exchange Association*, 97 F.R.D. 668, 675–76 (N.D.Ill. 1983); and (3) that each defendant class member receive individual notice. *See In re Gap Stores Securities Litigation*, 79 F.R.D. 283 (N.D.Cal.1978).

Although the rationale of *Hansberry* and the added protections such as those illustrated above reduce the overall due process concerns, the fact still remains that the *language* of Rule 23(b)(2) does not provide for defendant classes. Therefore, in light of the due process problems, it is this Court's view that the rule should not be expanded to include defendant class actions. Congress clearly could have explicit-

---

**5.** Many commentators have pointed to the case of *Richardson v. Kelly*, 144 Tex. 497, 191 S.W.2d 857 (1945), as evidence that this can occur. *See* Note, supra at p. 640 n. 56. In *Richardson*, defendant class members attacked an adverse judgment on the ground that the plaintiff had purposely chosen as class representatives members whose personal liability was small in relation to that of the other defendants; consequently, the named defendants offered little if any opposition to the plaintiff's claims. Moreover, the class members asserted that the plaintiff had excluded from the named defendants certain members purporting to have contract provisions specially limiting their liability. 144 Tex. at 502, 512, 191 S.W.2d at 859, 865. *See generally* Z. Chafee, Some Problems of Equity 234–42 (1950); Note, *Due Process Requirements of a State Class Action*, 55 Yale L.J. 831 (1946).

ly provided for defendant classes under (b)(2). Until they do so, this Court declines to judicially expand the rule beyond its obvious limits.

## II

Having denied plaintiff's motion for certification of a defendant class under Rule 23(b)(2), this Court further orders that the issue decided in this order be certified for immediate appeal to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). This section provides:

When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This Court is of the opinion that the order in this case involves a controlling question of law as to which there is substantial ground for difference of opinion. Further, an immediate appeal will materially advance the ultimate termination of the litigation since plaintiffs seek relief with respect to a large number of defendants in one lawsuit, and a ruling on the issue herein will determine whether they may proceed in the manner they wish.

The issue to be decided upon appeal is whether a defendant class action lawsuit may be brought under Rule 23(b)(2), assuming the requirements of Rule 23(a) are met.

It is therefore ORDERED that plaintiff's motion to certify a defendant class under Rule 23(b)(2) is DENIED. It is further ORDERED that this order be certified for immediate appeal under the provisions of 28 U.S.C. § 1292(b). All other proceedings in this case will be stayed pending resolution of the appeal.