Darlene **THOMPSON, et al.,**
**Plaintiffs-Appellees,**

v.

**BOARD OF EDUCATION OF the ROMEO COMMUNITY SCHOOLS, et al., Defendants-Appellants.**

No. 82–1251.

United States Court of Appeals,
Sixth Circuit.

Argued April 14, 1983.
Decided June 23, 1983.

See also, 526 F.Supp. 1035.

Constance M. Ettinger, Butzel, Long, Gust, Klein, Van Zile, Detroit, Mich., Robert Vercruysse (argued), Anthony A. Derezinski, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendants-appellants.

Mary Hannorah Job (argued), Michigan Educ. Ass'n, East Lansing, Mich., for plaintiffs-appellees.

Before LIVELY and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This class action, which is before the court on interlocutory appeal, involves leave policy for pregnant public school teachers. The complaint was filed by 22 female teachers, the Michigan State Education Association and the Warren Education Association. The named defendants consist of eight school districts and their boards of education, the individual members of the boards of education, school superintendents and school administrators, together with the Michigan Association of School Boards.

The plaintiffs charged that the defendants and other Michigan school boards discriminated against pregnant teachers on the basis of sex by treating pregnancy disabilities differently from other temporary disabilities, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq; 42 U.S.C. § 1983; and the due process and equal protection clauses of the fourteenth amendment.

The complaint sought injunctive and declaratory relief; sick pay, sick leave and fringe benefits for teachers during periods of pregnancy on the same basis as allowed for other temporary illnesses and disabilities; recovery by each teacher of back benefits lost as a result of discriminatory maternity leave policies and practices; and an award of attorneys fees incurred as a result of the prosecution of this action.

The district court certified plaintiff and defendant class actions as follows:

*Defendant class:* All school boards in the State of Michigan which, since March 24, 1972, have treated or now treat pregnancy related disabilities differently than other temporary disabilities, limited to the school boards in districts wherein the MEA has female members who have been or will be subject to such policies or practices.

*Plaintiff class:* All female teachers of such school boards who have been since March 24, 1972 or will be in the future, denied the benefits of a sick leave policy which treats pregnancy related disabilities the same as other temporary disabilities. 71 F.R.D. 398, 418 (W.D.Mich.1976).

Appellants state that the defendant class includes approximately 500 school districts and that different maternity leave policies are in effect in various districts.

The district court entered an order certifying the following questions for interlocutory appeal:

May the defendant class indicated above be properly certified as a class under F.R.C.P. 23(b)(2)?

Whether, under the circumstances of this case, a plaintiff class of employees has standing to sue a class of employers for whom the plaintiffs have not worked?

This court permitted an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

We answer both of the certified questions in the negative and reverse the district court.

I

The defendants filed motions in the district court to have the parties severed and to have the classes decertified. These motions were overruled and both class certifications were reaffirmed by the district court.

On November 20, 1981, the district court issued an opinion reported at 526 F.Supp.

1035, dealing with the issues of liability. The court held that, subsequent to October 31, 1978, all policies of Michigan school boards that treated pregnancy differently from other temporary disabling conditions violated Title VII of the Civil Rights Act of 1964, as amended. Issues concerning damages and remedies were not dealt with in that opinion and have not yet been adjudged by the district court.

Reference is made to the reported decisions of the district court in 71 F.R.D. 398, 519 F.Supp. 1373, and 526 F.Supp. 1035 for a recitation of additional pertinent facts.

## II

We find little support for the certification of the defendant class under Fed.R. Civ.P. 23(b)(2). A class action is maintainable under this rule if the requirements of Rule 23(a) are met, and if:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

In reaching its initial decision that the defendant class of school boards satisfied the requirements of Rule 23(b)(2), the district court relied to a large extent upon the decision of the Eastern District Court of Virginia in *Paxman v. Wilkerson,* 390 F.Supp. 442 (E.D.Va.1975), *rev'd, Paxman v. Campbell,* 612 F.2d 848 (4th Cir.1980) (en banc), *cert. denied sub nom., Henrico County School Board v. Paxman,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1981). In *Paxman* two public school teachers brought a class action on behalf of all pregnant public school teachers in Virginia against named and unnamed school boards, challenging the constitutionality of maternity leave policies enforced by school boards in that State. Emphasizing that the plaintiffs' primary claim involved equitable relief, the Virginia District Court vacated a previous order, which had stated that the suit was maintainable under Fed.R.Civ.P. 23(b)(1), and held that the claim was "more

properly designated a class action pursuant to, Rule 23(b)(2)." *Id.* at 449. No other justification for the class certification was given.

The decision of the district court in *Paxman* subsequently was reversed by the Court of Appeals for the Fourth Circuit on the precise question of whether the defendant class of school boards was certified properly under Rule 23(b)(2). *Paxman v. Campbell,* 612 F.2d 848 (4th Cir.1980) (en banc), *cert. denied sub nom., Henrico County School Board v. Paxman,* 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1981). In holding that the certification was improper, the court stated:

> As is clear from the language of the Rule [23(b)(2) ], it is applicable to situations in which a class of plaintiffs seeks injunctive relief against a single defendant— the *party* opposing the class—who has acted on grounds generally applicable to the plaintiff class. See Judicial Conference Advisory Committee, Notes to Rule 23(b)(2), 39 F.R.D. 69, 102 (1966). To proceed under 23(b)(2) against a class of defendants would constitute the plaintiffs as "the party opposing the class," and would create the anomalous situation in which the plaintiffs' own actions or inactions could make injunctive relief against the defendants appropriate. Wright and Miller, *Federal Practice and Procedure, Civil,* § 1775 at 21–22 (1972), states the proposition:
>
> > It should be noted that the injunctive relief must be sought in favor of the class. As a result, an action to enjoin a class from pursuing or failing to pursue some course of conduct would not fall under Rule 23(b)(2) and would have to qualify under Rule 23(b)(1) or Rule 23(b)(3) in order to be given class action treatment.
>
> To the same effect is the 1978 pocket part of the text. We do not feel that the presence of a plaintiff class in this action alters our construction of the Rule, for, in addition to the literal language of Rule 23(b)(2), we rely upon the clearly ex-

pressed purpose for which the Rule was adopted:

> *Subdivision (b)(2).* This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Judicial Conference Advisory Committee, Notes on Rule 23(b)(2), 39 F.R.D. 69, 102 (1966).

We therefore hold that the district court erred in certifying this case as a class action under Rule 23(b)(2), .... *Id.* at 854.

In an opinion issued after the Court of Appeals decision in *Paxman,* the district court in the present case held that despite the broad holding of the Fourth Circuit, "it is clear that there are situations in which defendant class certification under (b)(2) is appropriate ...." 519 F.Supp. 1373, 1376 (Apr. 21, 1981) (citations omitted). The court then proceeded to affirm its original certification of the defendant school boards, reasoning that the case involved "common core questions" concerning the defendants' liability under Title VII. *Id.* at 1377. The court also stated that the "continued reluctance of defendants to feel compelled to conform to various court decisions in this area of discrimination law ... makes this case a particularly appropriate one for defendant class treatment." *Id., citing* 71 F.R.D. at 409, n. 20.

We hold that the district court erred in certifying the defendants as a class under Rule 23(b)(2). After careful consideration of the decision of the Fourth Circuit in *Paxman,* which is directly on point with the present case, we conclude that the reasoning in that case with respect to Rule 23(b)(2) is sound and should be followed by this court. As the Fourth Circuit indicated, the language in this rule contemplates certification of a plaintiff class against a single defendant, not the certification of a defendant class.

■ It is true, as the district court indicated, that in very limited circumstances some courts have been willing to recognize a defendant class under Rule 23(b)(2). These circumstances, however, generally have been restricted to situations where the individual defendants are all acting to enforce "a locally administered state statute or similar administrative policies." *Greenhouse v. Greco,* 617 F.2d 408, 413, n. 6 (5th Cir.1980). The present case involves approximately 500 separate school districts, each of which was free to adopt its own maternity leave policies. No state statute or uniform administrative policies are involved in the case. The district court acknowledged that "[t]his is not a case where all the defendants are acting under one directive from some superior authority or where there is an obvious binding link among all defendants on this particular policy issue." 519 F.Supp. at 1377. In light of the above, we see no reason to depart from the reasoning of the Fourth Circuit in *Paxman. See Paxman,* 612 F.2d at 854, n. 9.

### III

■ We also hold that the district court erred in its determination that the plaintiff class of teachers had standing to sue a defendant class of school boards by whom they had not been employed.

Standing is a prerequisite to bringing suit, and nothing in Fed.R.Civ.P. 23 alters this requirement. In *LaMar v. H & B Novelty & Loan Company,* 489 F.2d 461, 462 (9th Cir.1973), the Ninth Circuit Court of Appeals held that a plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing. *Id.* at 466. The court did, however, recognize two exceptions to this principle that each member of a plaintiff class must have a cause of action against each defendant:

(1) Situations in which all injuries are the result of a conspiracy or concerted

schemes between the defendants at whose hands the class suffered injury; and

(2) Instances in which all defendants are *juridically related* in a manner that suggests a single resolution of the dispute would be expeditious.

In the present case, the district court noted:

The Court of Appeals [in *LaMar*] based its conclusions upon interpretations of Rule 23(a)(2) and (3), rather than standing *per se.* Nevertheless, the crux of the decision was that the exercise of judicial power is generally inappropriate in a case where the named plaintiffs do not have a cause of action against each defendant. 71 F.R.D. 398, 407 (W.D.Mich.1976).

In holding that the plaintiff class had standing, the district court emphasized, as it did with respect to the Rule 23(b)(2) issue, that there was a single controlling question of law common to the dispute between the plaintiffs and the defendant school boards. *See* 71 F.R.D. at 407–10. It then indicated that the case fell within the "juridically related" exception set forth in *LaMar. Id.* at 409, n. 19.

We conclude that this case does not fall within the second *LaMar* exception, and that the plaintiffs as a class do not have standing. Our analysis on this question is similar to that set forth with respect to the Rule 23(b)(2) issue previously discussed in part II of this opinion. It has been held that the juridical relationship among defendants referred to in the second *LaMar* exception is most often found in the following instances:

[W]here all members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application, which is alleged to be unconstitutional. *Mudd v. Busse,* 68 F.R.D. 522, 527–28 (N.D.Ind.1975).

We reemphasize that this case does not involve a state statute or uniform policy being applied statewide by the defendants.

Each school board adopted its own maternity leave policies to be applied to the teachers within that particular school district. A separate determination will have to be made by the district court with respect to each set of policies to decide whether, in fact, they treated pregnancy differently from other temporarily disabling conditions. This type of situation does not involve defendants that are "juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *LaMar,* 489 F.2d at 466.

The situation here is similar to that presented before the Southern District Court of New York in *Vulcan Society v. Fire Dept. of City of White Plains,* 82 F.R.D. 379 (S.D.N.Y.1979). In *Vulcan* several black firefighters and the Vulcan Society brought an action against various townships alleging employment discrimination. The plaintiffs sought certification as a class, but the defendants opposed on the ground that the individual plaintiffs had no cause of action or standing against those municipalities for which they had not worked. The district court, after making reference to the *LaMar* decision, *id.* at 398, went on to deny certification to the plaintiff class, reasoning as follows:

It is the determination of this court that there is no identity of interests among the plaintiffs from the separate municipalities. Each municipality, a separate legal entity, is individually responsible for any practices or policies of discrimination within its jurisdiction. Therefore, no less than four separate subclasses are appropriate, one for each city. *Id.* at 399.

We hold that, as in *Vulcan,* the plaintiffs in the present case have no standing to sue the defendant school boards for which they have not worked.

■ Contrary to the contention of appellees, we conclude that the presence of the Michigan Education Association as a named plaintiff in the case, alleging injury to itself and its teachers-members against each of the defendants, does not confer standing on

the plaintiffs as a class. The same type of argument was made in *Vulcan* concerning the presence of the Vulcan Society, an organization of black firefighters, as a named plaintiff in that suit. After holding that the plaintiffs did not have standing, the Southern District Court of New York added:

> The presence of the Vulcan Society does not affect the propriety of this determination, since it would be anomalous to confer greater standing on the Vulcan Society than that of its members. Further, the association's right to sue in its own behalf does not here confer upon it representative status. 82 F.R.D. at 399.

The same reasoning applies in this case.

### IV

We reverse both the plaintiff and defendant class certifications and remand to the district court with directions to sever the claims of the individual plaintiffs, so that each will be restricted to suing her own school board. The district court may determine whether sufficient numerosity exists to allow each plaintiff to maintain a class action on behalf of other teachers employed by the same school board.

Reversed and remanded. No costs are taxed. The parties will bear their own costs on this appeal.