**AKRON CENTER FOR REPRODUCTIVE HEALTH, et al., Plaintiffs,**

v.

**Gary M. ROSEN, as Police Prosecutor for the City of Akron and as representing all other police prosecutors in Ohio, et al., Defendants.**

**Civ. A. No. C86–1099A.**

United States District Court,
N.D. Ohio, E.D.

June 9, 1986.

On Motion to Amend July 1, 1986.

Linda R. Sogg, Cleveland, Ohio, Bruce Campbell, A.C.L.U. of Ohio Foundation, Inc., Columbus, Ohio, Roger K. Evans, Planned Parenthood Federation of America, Inc., New York City, for plaintiffs.

Patricia C. Ambrose, Asst. Dir. of Law, Akron, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is plaintiffs' timely motion to amend judgment pursuant to Fed.R.Civ.P. 59(e) by certifying a class of defendant city prosecutors throughout the state of Ohio. For the reasons set forth below, this Court holds that it can properly certify a defendant class at this time. However, a class of city prosecutors will not be certified until plaintiffs brief issues and establish a record permitting this Court to make the findings required by Fed.R.Civ.P. 23(a) and (b) ("Rule 23").

### I.

On March 21, 1986, plaintiffs filed a "class action complaint" challenging the constitutionality of House Bill 319 ("H.B. 319"), which required parental notification by physicians who intended to perform abortions on unmarried, unemancipated women under the age of eighteen. Plaintiffs were the Akron Center for Reproductive Health, a clinic providing abortion services to women affected by H.B. 319; Dr. Max Pierre Gaujean, a physician performing abortions at the Akron Center; Patty Poe, an unmarried minor who is sexually active and who believed at the time that the complaint was filed that she might be pregnant; and Rachel Roe, a pregnant, unmarried minor who was refused an abortion procedure by the Akron Center because of H.B. 319. Defendants were Gary M. Rosen, city prosecutor for the City of Akron; Lynn Slaby, prosecuting attorney for Summit County; Ohio governor Richard Celeste, and Ohio attorney general Anthony

Celebrezze. The complaint indicates that Rosen and Slaby were sued in a representative capacity to act as named defendants for two proposed classes encompassing all prosecutors in Ohio, and also in their official capacities within their local jurisdictions. Poe and Roe also sought to represent a class of minor women in Ohio whose constitutional rights were allegedly impinged by H.B. 319. The complaint contains "class action allegations" explaining the scope of the proposed plaintiff class and tracking the language of Rule 23.

This Court temporarily restrained the operation of the statute on March 31, 1986 and ordered the parties to brief the legal issues in this case. A consolidated hearing on a preliminary injunction and on the merits pursuant to Fed.R.Civ.P. 65(b)(2) was held on April 21, 1986. At that hearing, counsel for the plaintiffs was asked whether they intended to pursue certification of classes in this case, since no motion to certify had been made and no certification hearing had been held. At that time, plaintiffs orally moved to certify the classes identified in the complaint. However, they indicated that they preferred that the imminent decision on the merits not be delayed in order to certify the classes. On April 22, 1986, 633 F.Supp. 1123, this Court held that H.B. 319 violated the due process clause of the United States Constitution, and it permanently enjoined Rosen and Slaby from enforcing the act. The Court did not certify classes of plaintiffs or defendants. Plaintiffs then filed their motion to amend judgment to certify a defendant class of city prosecutors, to be bound by this Court's decision and represented by Rosen.

## II.

■ Although the certification of a class after a judgment on the merits is unusual, it is not unprecedented. In *Alexander v. Aero Lodge No. 735*, 565 F.2d 1364 (6th Cir.1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978), plaintiffs did not move for class certification until three days before the trial of their employment discrimination action. The trial court did not rule upon class certification until its opinion on the merits was issued. The appellate court disapproved of the district court's tardy decision on certification, stating that "the provisions of Rule 23(c)(1) [requiring determination of whether a class can be maintained as soon as practicable] are mandatory and ... the district court is required to enter an order of determination whether requested by the parties or not." *Id.* at 1371. However, it rejected defendants' claim that the delay in certification until judgment precluded class relief.

Notwithstanding our strongly expressed views on the desirability of an early determination of whether a class action will be maintained, our circuit has required a showing of actual prejudice to the protesting party, ... which we are unable to discover here. The action itself was unquestionably filed as a class action and proceeded to trial on that basis. In both complaints allegations were made of class wide discrimination and the requested remedy was to benefit the class of which plaintiffs were members. The defendants recognized this feature of the suit by responding in their answers to the complaint with the affirmative defense that plaintiffs were not proper class representatives. On a motion to dismiss the Alexander complaint, the district court entered an order denying the motion and indicated that "the action is a proper class action." In Newman's appeal to this court, we noted that he was "an appropriate representative of the class described in the complaint." ... Finally, the pretrial orders clearly stated that the named plaintiffs would seek to prove class discrimination and the trial itself proceeded on that basis. These considerations, together with the particular nature of the suit at hand, convince us that it would be a miscarriage of justice to deny class relief on this basis if it is otherwise justified.

*Id.* at 1372 (citations omitted). The Sixth Circuit also rejected defendants' contention that Rule 23 and due process were violated by a lack of prejudgment notice to absent class members, holding that prejudgment

notice to a class certified under Rule 23(b)(2) is not necessary to comport with due process. *Id.* at 1373–1374.

The Sixth Circuit does not stand alone in its recognition that postjudgment certification of classes may permissibly rectify a miscarriage of justice caused by a strict adherence to Rule 23(c)(1)'s requirement of speedy certification. *See Bishop v. Committee on Professional Ethics,* 686 F.2d 1278, 1287 n. 18 (8th Cir.1982) and cases cited therein. This is one of the rare cases where denial of plaintiffs' motion to amend the judgment—if certification is proper under Rule 23—would amount to a miscarriage of justice. This case was filed as a class action, and the complaint alleged that Rosen and Slaby were sued in a representative capacity. Rosen and Slaby both consistently maintained that they were not proper representatives of classes, but remained in the litigation as officials charged with the enforcement of the challenged law, even though H.B. 319's constitutionality was primarily defended by the attorney general. The defendants' posture in this case underlies plaintiffs' procedural difficulty: they were contesting the constitutionality of a state statute designed to be enforced locally, thus insulating the state from suit. Since Ohio law does not provide that the attorney general is subject to suit in a case such as this, plaintiffs have no alternative in their attempt to completely enjoin the operation of this law except to enjoin all prosecutors across the state. In other words, the state of Ohio is the party in interest in this suit; yet this Court's determination that its statute is unconstitutional has questionable binding effect upon it, unless a class of prosecutors is enjoined. Granting plaintiffs' motion would merely clarify what is less than obvious but more than logical: that H.B. 319 is unconstitutional everywhere in Ohio, not just in Akron and Summit County.

The procedural device of certifying a defendant class action of enforcing officials is well established in cases such as the one at bar. *See* Comment, *Defendant Class Actions and Federal Civil Rights Litigation,* 33 U.C.L.A. L.Rev. 283 (1985). The Sixth Circuit has indicated that one of the "very limited circumstances" justifying the certification of a defendant class under Rule 23(b)(2) is "where the individual defendants are all acting to enforce 'a locally administered state statute or similar administrative policies.'" *Thompson v. Board of Education of Romeo Community Schools,* 709 F.2d 1200, 1204 (6th Cir.1983) (quoting *Greenhouse v. Greco,* 617 F.2d 408, 413 n. 6 (5th Cir.1980)). In addition, at least one court has noted the propriety of a postjudgment certification of a class of defendant governmental officials. *Marquez v. Kiley,* 436 F.Supp. 100, 109 n. 9 (S.D.N.Y. 1977). Accordingly, this Court holds that a post judgment certification of a class of defendant city prosecutors in this case is permissible.

Despite plaintiffs' characterization of such a certification as "largely a formality" (citing *Marquez,* 436 F.Supp. at 109), this Court is obligated to making findings under Rule 23 with respect to numerosity, commonality, typicality, and adequacy of representation as well as determining that a class is maintainable under one of the three categories of subsection (b). Since the due process rights of absent parties are implicated, this Court will not act cavalierly in certifying a class. At this point, minimal briefing and argument with respect to Rule 23 findings has been done. Therefore, plaintiffs and Rosen shall brief this issue within ten (10) days and supplement the record to the extent that they deem necessary for the Court to make appropriate findings. A hearing on certification will be held at either party's request.

IT IS SO ORDERED.

### ON MOTION TO AMEND

On May 5, 1986, plaintiffs filed a timely motion to amend judgment pursuant to Fed.R.Civ.P. 59(e), requesting certification of a class of city prosecutors throughout the state of Ohio. Plaintiffs' goal is to permanently enjoin this class of defendants from enforcing House Bill 319 ("H.B. 319"), which required parental notification

by physicians who intended to perform abortions on unmarried, unemancipated women under the age of eighteen. In its memorandum and order of June 9, 1986, this Court held that a post-judgment certification of a class of defendant city prosecutors in this case is not barred by due process or Fed.R.Civ.P. 23 ("Rule 23"). However, the Court ordered plaintiffs and defendant Gary M. Rosen to brief the issues which this Court must consider in order to make Rule 23 findings. On June 20, 1986, plaintiffs filed their memorandum in support of class certification. Rosen has declined to offer further briefing "in the interest of reducing any further time and expense." Response to motion to alter or amend judgment. For the reasons set forth below, the Court certifies the class of defendants delineated by the plaintiffs.

## I.

The facts regarding the substance of this litigation have been set out at length in this Court's memoranda and orders of April 22, 1986 and June 9, 1986. Plaintiffs' amended complaint contains the following allegations relevant to this certification motion:

9. Defendant, Gary M. Rosen, is the City Prosecutor for the City of Akron, Ohio and as such is primarily responsible within that jurisdiction for prosecution of misdemeanor offenses including those under R.C. 2929.12. He is sued in his official capacity and as a representative of all other city attorneys or prosecutors having similar jurisdiction in Ohio.

\* \* \* \* \* \*

15. The filing of separate actions by individual class members would create a risk of inconsistent adjudications or adjudications dispositive of the rights of class members. The defendants or their counterparts in other counties of the State of Ohio have acted or will act on grounds generally applicable to the class, and common matters of law or fact concerning the constitutionality of H.B. 319 predominate over questions affecting only individual members.

Attached to plaintiffs' memorandum in support of class certification are three lists containing the names of 548 attorneys charged with prosecuting misdemeanors throughout Ohio.

Although courts have tended to disfavor defendant class actions, they have recognized the utility of these actions to enjoin governmental officials from enforcing locally-administered state statutes which are defective. *See* Comment, *Defendant Class Actions and Federal Civil Rights Litigation,* 33 U.C.L.A. L.Rev. 283 (1985). This procedural device has been used frequently in litigation involving constitutional challenges to abortion regulations. *E.g. Planned Parenthood of Central Missouri v. Danforth,* 428 U.S. 52, 57, 96 S.Ct. 2831, 2835, 49 L.Ed.2d 788 (1976) (the Circuit Attorney for St. Louis was named as the representative of prosecuting attorneys of Missouri); *Bellotti v. Baird,* 428 U.S. 132, 138, 96 S.Ct. 2857, 2862, 49 L.Ed.2d 844 (1976) (defendants included the district attorneys of all counties of Massachusetts); *Indiana Planned Parenthood Affiliates Association, Inc. v. Pearson,* 716 F.2d 1127, 1131 (7th Cir.1983) (defendant class of prosecuting attorneys certified); *Zbaraz v. Hartigan,* 763 F.2d 1532, 1535 (7th Cir.), *appeal filed,* 54 U.S.L.W. 3311 (1985) (No. 85–673) (class of state attorneys of the counties certified). Nonetheless, the plaintiffs still bear the burden of establishing their right to use the class action device. *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). They must establish their right to use the class action by satisfying all four criteria of Rule 23(a) as well as the criteria of one of the three subsections of Rule 23(b). Since this Court holds that the defendant class is certifiable under Rule 23(b)(2), it does not reach plaintiffs' argument that the class could also be certified under Rule 23(b)(1)(A).

### A. *Rule 23(a) Prerequisites*

Fed.R.Civ.P. 23(a) provides:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

### 1. Numerosity

Rule 23(a)(1) does not create a specific number which it deems to be sufficiently "numerous" to permit class certification. A preeminent authority on class actions has set forth guidelines to be considered when deciding numerosity:

It is settled that impracticability of joinder must be determined in the context of the particular litigation. Inconsistent decisions have resulted from the broad discretion of the trial court and the absence of Supreme Court guidelines. Nevertheless, some general principles may be formulated from the case law:
1. Impracticability short of impossibility is sufficient.
2. Evidence of exact class size is not required.
3. When the class is large, numbers alone should be dispositive.
4. When the class is small, factors other than number will be significant.
5. A common sense approach is contemplated by Rule 23.

1 *Newberg on Class Actions* 2d ed., § 3.03, at 137 (footnotes omitted).

Plaintiffs have identified more than five hundred names of officials across the state of Ohio with authority to prosecute misdemeanor violations of state statutes. Although it is often possible to certify classes with membership in the thousands, it is clear that conducting litigation joining five hundred or more defendants would be extremely impractical. This difficulty would be compounded by the changing identity of the class due to normal personnel changes in prosecutor's offices throughout the state. Common sense dictates that this class is numerous enough to meet the requirement of Rule 23(a)(1).

### 2. Commonality and Typicality

The Supreme Court has observed that:

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest....

*General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982).

This case presents one constitutional issue regarding one state statute: does H.B. 319 on its face violate due process by infringing upon the fundamental right of minor women to an abortion? This same constitutional issue obviously arises with respect to the enforcement of H.B. 319 by any Ohio prosecutor designated to perform this duty. Since the same constitutional issue is applicable to each proposed class member, each has the same legal defenses to the facial challenge to the statute. While the specific facts arising in separate prosecutions across the state would doubtlessly vary, the questions of law on the constitutionality issue and the defendants' claims would not deviate from those resolved by this Court. The very nature of this action, which makes it appropriate for certification of a defendant class under Rule 23(b)(2), assures commonality and typicality.

### 3. Adequacy of Representation

[4] The Supreme Court discussed the elements of adequate representation in *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975):

> ... [W]here it is unlikely that segments of the class appellant represents have interests conflicting with those she has sought to advance, and where the interests of the class have been competently urged at each level of the proceeding, we believe the test of Rule 23(a) is met.

In *Senter v. General Motors Corp.,* 532 F.2d at 524–25, the Sixth Circuit stated:

> ... There are two criteria for determining whether the representation of the class will be adequate: (1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.

And in *Cross v. National Trust Life Insurance Co.,* 553 F.2d 1026, 1031 (6th Cir. 1977), it added:

> ... [I]n making the determination of adequacy of representation, the District Court should consider the experience and ability of counsel for the plaintiffs and whether there is any antagonism between the interests of the plaintiffs and other members of the class they seek to represent.

*See also Fradkin v. Ernst,* 98 F.R.D. 478, 484–85 (N.D.Ohio 1983).

Of the four Rule 23(a) prerequisites, only this requirement gives the Court hesitation. Throughout the litigation, Rosen has participated as minimally as possible. He did not brief the substantive issues of the lawsuit, and he declined to submit briefing on class certification, citing the cost. At the hearing before the Court on April 21, 1986, counsel for Rosen clearly stated that Rosen opposed acting as class representative. The reason for Rosen's posture is obvious: the interest in defending this statute lies with the state, not with the local prosecutors. For the state of Ohio, H.B. 319 represents a hotly debated policy decision, which it reached in spite of considerable controversy. For Rosen, H.B. 319 represents an unwanted obligation to defend the constitutionality of a state statute and an additional prosecutorial duty. In this case, the common interest within the proposed class is the lack of interest in the statute. Despite this odd situation, there is no reason to believe that there is a conflict among the potential defendants. All potential defendants are charged with enforcement of H.B. 319, and the "common interests" test is met.

If H.B. 319 had been defended only by Rosen, this Court would necessarily find inadequate representation, for he has not vigorously defended the constitutionality of the statute. However, the state of Ohio, in the person of the attorney general, has vigorously litigated the merits of this case. Even though the attorney general and the governor were dismissed as defendants at their request, the state, as "intervening defendant," has filed a notice of appeal. Since the merits of this case have been actively litigated by the actual party-in-interest, proposed members of the class have had their defenses fully and adequately raised. Counsel for the attorney general has demonstrated his ability to litigate this action more than competently and has essentially assumed a position of counsel for local prosecutors across Ohio. Since the potential class members have been fully represented on the merits, plaintiffs have successfully negotiated the final Rule 23(a) hurdle.

### B. *Rule 23(b)(2) Prerequisites*

■ Fed.R.Civ.P. 23(b) provides in pertinent part:

> (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> \*        \*        \*        \* .        \*        \*
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive re-

lief or corresponding declaratory relief with respect to the class as a whole . . .

The two-part test set forth by Rule 23(b)(2) requires that (1) the defendants must have acted or refused to act on grounds generally applicable to the class, and (2) the appropriate remedy is final injunctive or declaratory relief with respect to the class as a whole.

The propriety of certifying the defendant class under Rule 23(b)(2) is clear when the realities underlying the procedural complexities of this case are confronted. This Court previously observed:

> The defendants' posture in this case underlies plaintiffs' procedural difficulty: they were contesting the constitutionality of a state statute designed to be enforced locally, thus insulating the state from suit. Since Ohio law does not provide that the attorney general is subject to suit in a case such as this, plaintiffs have no alternative in their attempt to completely enjoin the operation of this law except to enjoin all prosecutors across the state. In other words, the state of Ohio is the party in interest in this suit; yet this Court's determination that its statute is unconstitutional has questionable binding effect upon it, unless a class of prosecutors is enjoined. Granting plaintiffs' motion would merely clarify what is less than obvious but more than logical: that H.B. 319 is unconstitutional everywhere in Ohio, not just in Akron and Summit County.

Memorandum and Order of June 9, 1986, at 5–6. Thus, the only appropriate remedy in this case is a permanent injunction of all Ohio prosecutors charged with enforcement of H.B. 319, and since all potential defendants are required to enforce the unconstitutional statute, certification of the defendant class is warranted. *See Thompson v. Board of Education,* 709 F.2d 1200, 1204 (6th Cir.1983) (impliedly endorsing certification under Rule 23(b)(2) of a defendant class of individuals who locally enforce a state statute).

## II.

Membership in the defendant class is statutorily defined. Ohio Rev.Code Ann. § 1901.20 (Page 1983) states that misdemeanors shall be within the jurisdiction of the municipal court of the territory where the misdemeanor was committed. Prosecutorial responsibilities for misdemeanors are established by Ohio Rev.Code Ann. § 1901.-34 (Page 1983) ("§ 1901.34"), which states in part:

> (A) The village solicitor, city director of law, or similar chief legal officer for each municipal corporation within the territory of a municipal court shall prosecute all criminal cases brought before the municipal court . . . for violation of state statutes or other criminal offenses occurring within the municipal corporation for which he is the solicitor, director of law, or similar chief legal officer, except as provided in division (B) of this section and except that in the Auglaize, Hocking, Jackson, and Portage county municipal courts and the Port Clinton municipal court, the prosecuting attorney of the county shall prosecute all violations of state law occurring within the municipal corporations that are within the territory of the court. The village solicitor, city director of law, or similar chief legal officer of the municipal corporation in which the court is located shall prosecute all criminal cases brought before the court arising in the unincorporated areas within the territory of the municipal court, except that in the Auglaize county, Crawford county, Hamilton county, Hocking county, Jackson county, Madison county, Portage county, and Wayne county municipal courts and the Port Clinton municipal court, the prosecuting attorney of the county shall prosecute all violations of state law arising within such unincorporated areas.

Subsection (B) permits agreements between county prosecutors and municipal lawyers in order to exchange statutory responsibilities established by subsection (A) for prosecutions in municipal court. Since plaintiffs seek to prevent misdemeanor prosecutions under H.B. 319, § 1901.34 des-

ignates the defendant class members they wish to enjoin.

Plaintiffs have compiled a list of 548 attorneys who are ostensibly delegated responsibility for the prosecution of misdemeanors pursuant to § 1901.34. This Court is of the opinion that the methodology used to compile this list, as described in the affidavit of Bruce Campbell, is sound. Thus, the identify of the class will consist of the names submitted in the lists appended to plaintiffs' memorandum in support of class certification, subject to corrections as needed.

### III.

Plaintiffs' motion to amend judgment is granted. The defendant class of municipal prosecutors as defined above is certified. The entire class is permanently enjoined from enforcing H.B. 319.

IT IS SO ORDERED.