NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0736n.06
Filed: August 24, 2005
File Name: 05a0736n.06
Filed: August 24, 2005
File Name: 05a0736n.06
Filed: August 24, 2005
File Name: 05a0736n.06
Filed: August 24, 2005
File Name: 05a0736n.06
Filed: August 24, 2005

Case No. 03-4040

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LIBERTE CAPITAL GROUP, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ON APPEAL FROM THE** |
| ANGELO SALCEDO and URSULA LINKE, | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE NORTHERN** |
| Plaintiffs-Appellees, | ) | **DISTRICT OF OHIO** |
| | ) | |
| WASHINGTON SQUARE SECURITIES, INC., | ) | |
| | ) | |
| Plaintiff-Intervenor-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES A. CAPWILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BEFORE:** BATCHELDER and COLE, Circuit Judges; OBERDORFER[*], District Judge.

---

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Intervenor-Appellant Washington Square Securities, Inc. ("WSSI") appeals the district court's order granting a motion to compel the arbitration of its dispute with Plaintiffs-Appellees Ursula Linke and Angelo Salcedo regarding the purchase and sale of certain viatical insurance investments. Because we conclude that Linke's and Salcedo's arbitration claims against WSSI are not "encompassed by" the Liberte class action now proceeding before the district court under National Association of Securities Dealers ("NASD") Rule 10301(d)(2), we AFFIRM.

## I.

Plaintiff Liberte Capital Group, LLC ("Liberte") was in the business of marketing viatical life insurance investments, which involves paying a lump sum of cash to a terminally ill person (a "viator") during his or her lifetime in exchange for the death benefits of the viator's life insurance policy. Liberte contracted with Defendant James A. Capwill to serve as the escrow agent for these investments through two entities that Capwill owned called Viatical Escrow Services, LLC ("VES") and Capital Fund Leasing ("CFL"). On April 8, 1999, Liberte filed suit against Capwill, VES, and CFL for misappropriating funds given to Capwill for escrow purposes. The district court subsequently appointed Victor M. Javitch as the "General Receiver" to oversee the assets of the Capwill entities and to administer the insurance policies funded by Liberte.

Linke and Salcedo are an elderly married couple who invested in viatical insurance investments issued by Liberte in August and September of 1998. They purchased these investments through Candace Bloodsworth and William Guy who became registered representatives of WSSI during the spring of 1998. Linke and Salcedo paid for their viatical insurance policies by making out checks to VES. Guy and Bloodsworth were then paid a commission by Liberte for the sale.

2

Consequently, Linke and Salcedo became members of the class of plaintiffs that was formed in September 2000 when John Wayne Lazar, a Liberte investor, intervened in the lawsuit brought by Liberte against Capwill, VES and CFL.

On December 14, 2000, Linke and Salcedo filed an arbitration Statement of Claim with the NASD asserting various claims against WSSI including violations of federal securities law, the Maryland Securities Act, breach of contract, common law fraud, breach of fiduciary duty, and negligence. Linke and Salcedo essentially claim that WSSI negligently hired and supervised Guy and Bloodsworth, and that the Liberte viatical investments were unregistered securities sold to them by Guy and Bloodsworth as agents of WSSI in violation of state and federal law.

Subsequently, in March 2001, the district court certified the Liberte class for limited purposes, including to allow the Liberte investors, through counsel, to oversee evaluation of the existing insurance policies; to oversee the decisions concerning the sale and/or recission of policies; to oversee the payment of premiums on viable policies and assure the proper distribution of the funds that were being received from the Liberte policies and from Capwill assets; and for notice to be given to the Liberte investors in order to facilitate the sale of additional policies.

Once the Liberte class was certified by the district court, WSSI moved the arbitration panel to dismiss the arbitration claim because Linke and Salcedo became members of the certified class. Under NASD Rule 10301(d)(2), "[a]ny claim filed by a member or members of a putative or certified class action is . . . ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court." Because NASD Rule 10301(d)(2) also permits either party to a dispute concerning whether a particular claim is encompassed by a class action proceeding "to petition the court with jurisdiction over the putative

3

or certified class action to resolve such disputes," Linke and Salcedo reluctantly moved to stay the arbitration pending the district court's review. On March 27, 2002, the arbitration panel granted the stay for the "limited purpose of awaiting the determination by the Ohio class action judge as to whether the Claimants' arbitration claims are encompassed within the Ohio class action." Linke and Salcedo, as well as WSSI, then intervened in the class action seeking a determination by the district court as to whether the class action proceedings barred the pending arbitration.

In an opinion dated June 26, 2003, the district court determined that Linke's and Salcedo's claims against WSSI were distinct from the class claims. Specifically, the district court found that the class members "seek the return of monies invested with Liberte," and that the "class action was fashioned to allow a voice in management of the portfolio, with the ultimate goal of distribution." The district court further found that the claims belonging to the class are against Capwill and his entities, and that these claims are an outgrowth of Liberte's suit against Capwill. The district court found that the arbitration claims, unlike the class action claims, are against WSSI based on the conduct of WSSI's employees and that neither WSSI, Guy, nor Bloodsworth is named as a defendant in the class action litigation. The district court therefore ruled that Linke's and Salcedo's arbitration claims against WSSI are not encompassed within the Liberte class action pursuant to NASD Rule 10301(d)(2). This appeal followed.

**II.**

The sole issue in this appeal is whether the district court properly determined that the claims against WSSI were subject to arbitration under NASD Rule 10301. We review de novo a district court's determination concerning the arbitrability of a dispute. *Vestax Secs. Corp. v. McWood*, 280 F.3d 1078, 1081 (6th Cir. 2002).

4

"The NASD Code of Arbitration Procedure . . . creates the right of parties to compel an NASD-member firm to arbitrate even in the absence of a direct transactional relationship with the firm." *Id.* Specifically, NASD Rule 10301(a) directs that a member firm must submit to arbitration "[a]ny dispute, claim, or controversy . . . between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons . . . ." We have held that NASD Rule 10301(a) unambiguously requires arbitration of disputes between an NASD-member firm like WSSI and investors such as Linke and Salcedo who conduct transactions through associated persons of the NASD-member firm like Guy and Bloodsworth. *Vestax*, 280 F.3d at 1082.

Notwithstanding the above, WSSI invokes NASD Rule 10301(d)(2) which states that "[a]ny claim filed by a member or members of a putative or certified class action is . . . ineligible for arbitration at the Association if the claim is *encompassed by* a putative or certified class action filed in federal or state court." (emphasis added). In determining whether Linke's and Salcedo's arbitration claims are "encompassed by" the Liberte class action, we are mindful that the NASD Code constitutes an "agreement in writing" under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, *Washington Square Secs., Inc. v. Aune*, 385 F.3d 432, 435 (4th Cir. 2004), and that the FAA manifests a "liberal federal policy favoring arbitration agreements." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). Consequently, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986).

WSSI contends that Linke's and Salcedo's arbitration claims raise the same issues and seek the same damages as the class action litigation and are therefore encompassed by it. We disagree. First, as noted by the district court, WSSI is not even listed as a defendant in the Liberte class action. A class plaintiff, such as Lazar, "'cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing." *Thompson v. Bd. of Educ.*, 709 F.2d 1200, 1204 (6th Cir. 1983) (quoting *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973)). Moreover, despite WSSI's argument to the contrary, the record makes clear that the district court certified the Liberte class only for limited purposes, including, primarily, to allow the Liberte investors both to oversee the evaluation of existing insurance policies under the General Receiver's control and to assure the proper distribution of the funds that were being received from the Liberte policies and from Capwill assets. Whether WSSI is liable for the misconduct of its agents under various theories of recovery–the subject of the arbitration–is not even remotely related to the purposes of the class action.

Second, WSSI claims that the arbitration and the class action seek the same damages, and therefore Linke and Salcedo seek a double recovery. *See Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 333 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual."). However, the record reflects, and WSSI concedes, that the class action will result in only a "partial return" to cheated investors from the assets of the sponsor of the investments, Liberte and the Capwill entities. Linke's and Salcedo's arbitration claims are an attempt to regain the rest of their investment in an action against a totally different defendant, the

brokerage firm from which they purchased the Liberte investments. We are convinced that either the arbitration panel or the district court is quite capable of ensuring that no double recovery occurs should Linke and Salcedo eventually prevail in the arbitration.

Ultimately, we must interpret the language of NASD Rule 10301(d)(2) based upon its plain meaning. *See John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 58 (2d Cir. 2001). The plain meaning of the rule's language at issue here — "Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration . . . if the claim is encompassed by a putative or certified class action" — is that arbitration is precluded only if the arbitration claims are comprehensively included within the claims asserted by the class. Because the class action seeks no recovery from WSSI or its representatives and because the arbitration claims are wholly distinct from the class claims, the claims are not comprehensively included within the claims asserted by the class, and are therefore not ineligible for arbitration. At worst, although we do not believe it to be the case, the text of NASD Rule 10301(d)(2) is ambiguous as to what "encompassed by" really means. In that case, the Supreme Court has directed that we must resolve any doubts about the

arbitrability of Linke's and Salcedo's claims in favor of arbitration.[1] *Moses H. Cone*, 460 U.S. at 24-25; *AT & T Techs.*, 475 U.S. at 650.

## III.

For the foregoing reasons, we **AFFIRM** the order of the district court granting the motion to compel arbitration in accordance with NASD procedures.

---

[1]WSSI also argues that the arbitration of Linke's and Salcedo's claims is inconsistent with the district court's orders of December 2, 2002, and April 22, 2003, granting the General Receiver the exclusive authority to represent individual viatical investors. However, whether the General Receiver is entitled to bring Linke's and Salcedo's arbitration claim or recover the proceeds of such an arbitration is a separate issue from whether Linke's and Salcedo's claims are arbitrable in the first instance. The parties even concede that the issue of whether the General Receiver owns the claims of individual investors is "currently being litigated in the district court." Because only the district court's order of June 26, 2003, regarding the question of arbitrability was referenced in the notice of appeal, we have no jurisdiction to consider in this appeal the extent of the General Receiver's authority over the claims of individual viatical investors. *See* FED. R. APP. P. 3(c)(1)(B) (the notice of appeal must "designate the judgement, order, or part thereof being appealed"); *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985) ("If an appellant . . . chooses to designate specific determinations in his notice of appeal-- rather than simply appealing from the entire judgment--only the specified issues may be raised on appeal.").